## SUPREME COURT.

CHARLES B. BOSTWICK, receiver, &c. agt. WILLIAM ELTON, CALVIN W. ELTON, HENRY C. ELTON, WM. S. DEMING and BENJAMIN B. HASTINGS.

A plaintiff who brings an action as receiver appointed under proceedings supplementary to execution, to reach the property of the judgment debtors which he alleges has been fraudulently assigned by them for the benefit of creditors, is not entitled to an order of injunction, nor an order for the appointment of a receiver of the property, *unless he furnishes to the court some evidence that he is entitled to the relief demanded in his complaint, or has an apparent right to the property.*

The *ordinary affidavit of verification of the complaint,* is not sufficient to *establish as a fact,* the positive allegation in the complaint that the assignment was made to hinder, delay and defraud the creditors of the assignors.

Nor is an affidavit showing that the *assignee is a non-resident* of this state, and had employed the *assignors to assist him in executing his trust,* sufficient evidence of the fact that the assignment was made with the fraudulent intent alleged—there being no allegation in the complaint, nor any proof offered that the assigned property was not immediately delivered to the assignee and the possession continued in him. And the fact that he was a non-resident of the state did not tend to establish the fact that the assignment was made with a fraudulent intent.

*New York General Term, October,* 1862.

INGRAHAM, LEONARD and ROSEKRANS, *Justices.*

APPEAL from an order of special term, allowing an injunction, and the appointment of a receiver in an action brought by the plaintiff as receiver, appointed in supplementary proceedings. The facts will sufficiently appear in the opinion of the court.

By the court, ROSEKRANS, J. The plaintiff was not entitled to an order of injunction, nor an order for the appointment of a receiver of the property which was the subject of this action, unless he furnished to the court some evidence that he was entitled to the relief demanded in his complaint, or had an apparent right to the property. He claims that he has been appointed, under proceedings supplementary to execution, receiver of the property of all the defendants except William Elton, and he alleges that William Elton has possession of the assigned property or its proceeds, as assignee of Calvin W. and Henry C. Elton, under a voluntary assignment made by them for the benefit of their creditors, in November, 1860. The plaintiff alleges, upon his information and belief, that this assignment was made with the intent to delay, hinder and defraud the creditors of the assignors. He sets out in his complaint a copy of the assignment, and avers that the assignee, at the date of the assignment, was a non-resident of this state. The plaintiff's entire cause of action, and his title to relief, either by injunction or the appointment of a receiver, depends entirely upon his establishing the fact that the assignment referred to was made to delay, hinder or defraud the creditors of the

assignors. The ordinary affidavit of verification of the complaint was not sufficient to establish any fact alleged therein on information and belief. Indeed, had the allegation that the assignment was made to delay, hinder and defraud the creditors of the assignors been in positive terms, the ordinary affidavit of verification would not have been sufficient to establish the fact, as such affidavit is merely upon information and belief, except as to such matters as are stated in the pleading to be within the personal knowledge of the party making the affidavit. There was no other evidence furnished to the judge at special term to sustain this general allegation of fraud, except an affidavit showing that the assignee was a non-resident of this state and had employed the assignors to assist him in executing his trust, and the evidence of fraud contained in the assignment. The plaintiff insists that the assignment is fraudulent, for the reason that the debts of Elton, Deming & Co., which were assumed by C. W. Elton & Co., when they formed their copartnership, were not provided for by the assignment. The fact, however, is otherwise. The assignment expressly provides for the payment of all the copartnership debts of the assignors, and the complaint states expressly that C. W. Elton & Co., assumed the payment of all of the debts of Elton, Deming & Co., which had been assumed by C. W. Elton upon the dissolution of the latter firm. The residue of the debts of the firm of Elton, Deming & Co., were provided for under the assignment by that clause in it which directed that, after paying the copartnership debts of the assignors, the surplus should be applied to pay and discharge the individual debts of each of the assignors out of the share of each in such surplus. Under this clause, the creditors of Elton, Deming & Co., whose debts had not been assumed by C. W. Elton & Co., could claim the payment of their debts. Within the meaning of the language of the assignment, they were the individual

debts of C. W. Elton, who had been a member of that firm.

These creditors were not entitled to any preference over the other individual creditors of C. W. Elton, in the payment of their debts out of C. W. Elton's share of the proceeds of the assigned property, after paying the partnership creditors of the assignors. The assignment was not fraudulent upon its face. The fact that the assignee employed the assignors to assist him in executing the trust, did not render the assignment fraudulent. There was no allegation in the complaint, nor was any proof offered that the assigned property was not immediately delivered to him, and the possession continued in the assignee. On the contrary, the complaint alleges possession of the assigned property, or its proceeds, in the assignee. It was not alleged that the assignee was insolvent, and the fact that he was a non-resident of the state did not tend to establish the fact that the assignment was made with a fraudulent intent. There was, therefore, no evidence furnished to the special term of the fact that the assignment was made with the fraudulent intent alleged, and without such evidence the plaintiff was not entitled to an injunction or the appointment of a receiver.

But if the fact of the assignee's non-residence tended to establish the fact that the assignment was made to delay, hinder or defraud the creditors of the assignors, it was shown that the assignee had given a bond, under chapter 348 of the Laws of 1860, with sufficient sureties, who justified in the sum of $30,000 each, and were approved by the county judge, conditioned for the faithful discharge of the duties of such assignee. The assignee also justified in the sum of $20,000, and showed that he had in all things complied with the requirements of the act of 1860. There could be no difficulty arising out of the non-residence of the assignee in calling him to account before the

county judge under the fourth section of that act, or in obtaining a decree or judgment against him in an action to compel an account of his trust.

I think the order of special term should be reversed with costs.