SIDNEY CUSHING AND OTHERS, RESPONDENTS, v. MOSES RUSLANDER AND OTHERS, APPELLANTS.

*Injunction — what must appear by the complaint and what by affidavit, in order to sustain it — when a complaint will be considered as an affidavit.*

In an action in which an injunction was granted a motion was made to vacate it upon the papers upon which it was issued, which consisted of the plaintiffs' complaint, verified in the usual form, and an affidavit, the allegations of the complaint being upon information and belief, and to the effect that by fraudulent connivance, and with the intent to defraud the plaintiffs' creditors of one Ruslander, one of the defendants herein, certain judgments had been recovered against him, and that certain money was in the hands of the sheriff, collected upon executions issued thereon.

It was also stated in the affidavit that, in case the sheriff paid the money collected under the executions to the judgment creditors, it would tend to render any judgment which the plaintiffs might obtain in the action ineffective, but no such allegation was contained in the complaint.

*Held*, that, under section 603 of the Code of Civil Procedure, an injunction is proper only where it appears from the complaint that the plaintiff demands, and is entitled to an injunction against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action will produce injury to the plaintiff.

That, under section 604 of the Code of Civil Procedure, such injunction is only proper where it appears by affidavit that the defendant, during the pendency of the action, is doing, or suffering to be done an act, in violation of the plaintiffs' rights respecting the subject of the action, tending to render the judgment ineffectual.

That the injunction could not be sustained in this case under the complaint, as it omitted the allegations tending to show that the payment of the money by the sheriff would produce injury to the plaintiffs and render their judgment ineffectual, and hence did not comply with section 603 of the Code.

That the injunction could not be sustained upon the affidavit, as some only of the facts essential to the cause of action appeared in the affidavit and not all of them

That the allegations of this complaint could not be considered in connection with the affidavit, as section 607 of the Code of Civil Procedure provides that the order may be granted where it appears to the court or judge, by the affidavit of the plaintiff, or any other person, that sufficient grounds exist therefor; and the provisions of this section are applicable as well to the provisions of section 603 as to those of section 604.

*Semble*, that, where the allegations of a complaint are positive, and not on information and belief, and the allegations are sworn to as true, the complaint will be treated as an affidavit, but where the allegations of the complaint are upon information and belief the ordinary affidavit of verification is not sufficient.

APPEAL by the defendants from an order of the Erie Special Term denying a motion to vacate and set aside an injunction granted *pendente lite.*

*Lewis & Moot,* for the appellant, the Third National Bank of Buffalo.

*Baker & Schwartz,* for other appellants.

*J. L. Romer,* for the respondents.

HAIGHT, J.:

The motion to vacate the injunction was made upon the papers upon which it was issued. They consisted of a complaint, verified in the form prescribed by the Code and an affidavit of John L. Romer. The allegations of the complaint are upon information and belief, and, in substance, allege that the plaintiffs, on the 7th day of July, 1887, obtained a judgment against the defendant Moses Ruslander for the sum of $2,386.39; that the same was duly docketed, execution issued thereon and returned unsatisfied. That, in the year 1886, Ruslander was engaged in business as a manufacturer and dealer in clothing and men's furnishing goods in the city of Buffalo, N. Y., and also at Bradford, Pa.; that he borrowed certain sums of money of the defendant, the Third National Bank, with which to preserve his credit by paying his indebtedness, then maturing in whole or in part, that he might be enabled to make further purchases by means of credit so obtained, and stock his stores in Buffalo and Bradford, with the intention, on his part, of thereafter making an assignment of his property, containing preferences in a large amount in favor of parties friendly to him, and with the intention by so doing to defeat and delay his other creditors; that such purchases were made and thereafter judgments were confessed by him in favor of various individuals who were named, among which were four judgments in favor of the defendant, the Third National Bank; that after the levying of executions upon the judgments so confessed upon his stock of goods in the city of Buffalo and in the city of Bradford, he executed and delivered to the defendant Georger a general assignment of all his property in trust for creditors, in which the parties to whom judgments had been confessed were preferred.

The complaint further alleges that the confessions of judgments were made and given, as was also the assignment, as a part of one and the same scheme, whereby the defendant Ruslander hoped and intended to obtain certain benefits and advantages for himself, and were so made and given after repeated consultations between him, his counsel and parties representing the Third National Bank and other defendants, as to the best means of extricating himself from his business embarrassments, and with intent on his part to so cover up and manipulate his property that he might, through the co-operation of the judgment-creditors preferred, as aforesaid, regain the possession of his property, or some part thereof, and deal therewith and derive benefit and advantage therefrom, and with the intent to put and keep his property out of the reach of the plaintiffs and his other creditors and to defeat and delay them in the collection of their debts.

It appears further, from the allegations of the complaint, that the stocks of goods so levied upon by the executions were sold, and that the money or some part thereof still remains in the hands of the sheriff of Erie county. Judgment was demanded that the judgments so confessed and that the general assignment be declared fraudulent and void, and that a receiver be appointed, etc. The injunction obtained restrains the sheriff from paying over the money in his hands derived from such sales until the further order of the court.

The affidavit of Mr. Romer, upon which the injunction was also issued, contains a statement as to the allegations contained in a complaint in an action brought by the Third National Bank of Buffalo against Charles Georger and others, tending to show that the indebtedness upon which this judgment was confessed was fictitious. He also states, in his affidavit, that in case the sheriff pays over the money on the executions to the judgment-creditors, it will tend to render any judgment which the plaintiffs may obtain in this action ineffectual, and will greatly embarrass and prejudice the plaintiffs in the enforcement of their rights in this action and be in violation of the same.

It will be observed that the complaint fails to allege that the payment over of the money by the sheriff upon the executions, to the judgment-creditors, will render the action ineffectual and embarrass and prejudice the plaintiffs, and that it does not demand a temporary or permanent injunction.

The Code provides that a temporary injunction may be granted, "where it appears, from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff." (Sec. 603.) A temporary injunction may also be granted "where it appears, by affidavit, that the defendant, during the pendency of the action is doing or procuring, or suffering to be done, or threatens, or is about to do or to procure, or suffer to be done, an act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, * * * and where it appears, by affidavit, that the defendant, during the pendency of the action, threatens, or is about to remove or dispose of his property with intent to defraud the plaintiff." (Sec. 604.)

It will be observed that where the application for the injunction depends upon the nature of the action, and is obtained under the former section of the Code quoted, the complaint must show that the plaintiff is entitled to the injunction during the pendency of the action. The complaint, in this case, by omitting allegations tending to show that the payment over of the money would produce an injury to the plaintiffs and render their judgment ineffectual, does not bring it within the requirements of the section which would sustain the injuction granted upon the nature of the action, and we must, therefore, inquire as to whether a case is made for an injunction under section 604 of the Code. Under this section the provision is, that the facts must appear by affidavit. Some facts do appear by affidavit, but not all. The allegations of the complaint in reference to the plaintiffs obtaining judgment against the defendant, the confession of judgments to various persons, and so on, do not appear in the affidavit, they only appear in the allegations of the complaint, and we are thus brought to the consideration of the question as to whether the allegations of the complaint can be considered in connection with the affidavit of Mr. Romer. Section 607 of the Code provides that "the order may be granted where it appears to the court or judge by the affidavit of the plaintiff, or any other person, that sufficient grounds exist therefor." The provisions of this section are general, and apply as well to the provisions of section 603 as to those of section 604.

In the case of *Chatterton* v. *Kreitler* (2 Abb. N. C., 453) it was held that an injunction could be granted, under section 603 of the Code of Civil Procedure, only upon a complaint and an affidavit showing sufficient ground therefor, and not on a verified complaint alone. This is in accord with the former practice under the Code of Procedure. Where the allegations of the complaint are positive and not on information and belief, and the allegations are sworn to be true, the complaint will be treated as an affidavit, but where the allegations of the complaint are upon information and belief, the ordinary verification is not sufficient. (*Bostwick* v. *Elton*, 25 How. 362; *Hecker* v. *The Mayor*, etc., 28 id., 211.)

It follows that the papers upon which the injunction was granted are not sufficient to sustain the same, and that the order of the Special Term should be reversed and the motion to vacate granted, with ten dollars costs and disbursements.

BARKER, P. J., BRADLEY and DWIGHT, JJ., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements.