JAMES ELLWOOD SANDERS, Appellant, *v.* EMILE ADER, Defendant;
JOSEPH GRIFFING, Respondent.

*Injunction, dependent upon the cause of action — the right thereto must appear in the complaint.*

Where the right to an injunction depends upon the nature of the action (Code
Civ. Proc. § 603), the complaint must be presented upon the application there-
for, and no facts can be considered except such as are set forth in the complaint.

APPEAL by the plaintiff, James Ellwood Sanders, from an order
of the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on the
31st day of January, 1898, denying his motion for an injunction
*pendente lite.*

*Edward F. Harding,* for the appellant.

*Arnold C. Weil,* for the respondent.

PER CURIAM :

The injunction here is asked for under the authority of section
603, where the right to an injunction depends upon the nature of the
action.   In that case the facts must appear from the complaint and
no facts can be considered except such as are set out in the complaint,
and facts alleged in an affidavit are not material and cannot be con-
sidered unless they are alleged in the complaint.   (*Stull* v. *Westfall,*
25 Hun, 1.)

Unless a cause of action is set out in the complaint and an injunction
is demanded as a part of the relief sought, an injunction cannot be
granted.   (*McHenry* v. *Jewett,* 90 N. Y. 58.)   The complaint must,
therefore, be presented on applying for an injunction, and if he fails
to present it the plaintiff does not show that he is entitled to such relief.
No complaint was presented here and, therefore, the order denying
the injunction was correct and should be affirmed.

Present — VAN BRUNT, P. J., RUMSEY, INGRAHAM and McLAUGH-
LIN, JJ.

Order affirmed, with ten dollars costs and disbursements.