ARNOLD B. HEINE and JACOB ROHNER, Respondents, *v.* JOHANNES ROHNER, Defendant; ANTON IGLAUER, Appellant.

*Contract — when an agreement is so indefinite as to be incapable of enforcement — an injunction depends on the complaint.*

The firm of A. B. Heine & Co., transacting business in the city of New York, entered into an agreement in July, 1897, with Rohner & Co., manufacturers of embroideries in Switzerland, by which the former was to transact the business of the latter in the United States and Canada, and the latter obligated itself to execute all orders placed with it by the former, and to transact business in the United States or Canada only with the firm of A. B. Heine & Co. The agreement, which was to continue in force until January, 1900, contained the conditions under which the orders were to be executed and provided for methods of payment.

In September, 1897, the firm of Rohner & Co. dissolved, and by the agreement of dissolution Johannes Rohner, who continued the business, obligated himself to deliver to Arnold B. Heine or A. B. Heine & Co. for twelve months his entire production of embroideries and not to offer samples elsewhere, but notwithstanding such agreement he entered into an arrangement with a third party, whom he constituted his agent, for the sale of such product in the city of New York.

In an action brought by the members of the firm of A. B. Heine & Co. for damages and for an injunction restraining Johannes Rohner and such third person from carrying out such agreement, it was

*Held*, that the agreement made by Johannes Rohner, upon the dissolution of the firm, which did not state the terms and conditions of payment, was so incomplete that it was impossible to tell what the rights of the parties under it were, and so indefinite as to be incapable of enforcement;

That as it differed essentially from the agreement entered into between the two firms in July, 1897, it could not be held that by it Johannes Rohner assumed the obligations of the contract of July, 1897, nor that the firm of A. B. Heine & Co., by reason of this provision in the dissolution agreement, acquired any rights as against Johannes Rohner, such firm not being a party to that agreement.

In such an action the right to an injunction depends upon the allegations of the complaint; and unless the complaint shows that the plaintiff is entitled to the judgment of injunction, a temporary injunction cannot issue, and where the complaint itself shows no cause of action, such right cannot be established by affidavit.

APPEAL by the defendant, Anton Iglauer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of March, 189S, continuing an injunction *pendente lite*.

*Alexander Blumenstiel,* for the appellant.

*Charles E. Rushmore,* for the respondents.

VAN BRUNT, P. J. :

This action was brought against Johannes Rohner and Anton Iglauer, to restrain them from importing into the United States or Canada any goods known as "schiffle" embroidery, and from selling or exhibiting for sale any of such goods.

It appears that on the 1st of July, 1897, the firm of A. B. Heine & Co., composed of Arnold B. Heine and Jacob Rohner, were doing business in the city of New York, and that the firm of Jacob Rohner & Co., composed of Jacob Rohner and the defendant Johannes Rohner, were manufacturers of embroideries in Switzerland. On that date the said two firms entered into an agreement whereby it was agreed that the firm of Rohner & Co. should remain the sole manufacturers for Heine & Co. of hand, machine and schiffle embroideries for the business in the United States and Canada, and obligated itself to execute all orders placed with it by Heine & Co. Rohner & Co. further agreed not to do any business, directly or indirectly, in the United States or Canada, except with Heine & Co. The agreement contained the conditions upon which the orders of Heine & Co. were to be executed, and provided for methods of payment. This agreement was to continue until the 1st of January, 1900. Upon the 8th of September, 1897, Jacob and Johannes Rohner dissolved their said copartnership of Jacob Rohner & Co., and entered into an agreement of dissolution whereby Johannes Rohner acquired the only mill belonging to said firm which was available for the purpose of manufacturing schiffle embroideries, and whereby Johannes Rohner obligated himself to deliver to Arnold B. Heine, or A. B. Heine & Co. (there being a dispute in regard to this), for the next twelve months, his entire production of schiffle embroideries, and not to offer the samples elsewhere. The plaintiff had established a large business throughout the United States and Canada for the sale of schiffle embroideries, in reliance, it is alleged, upon the said contract and agreement. Prior to November, 1897, the defendant Iglauer was employed by the plaintiffs as general house salesman, and in said employment he became acquainted with the plaintiffs'

customers. The defendant Iglauer, having left the employment of the plaintiffs, entered into an agreement with the defendant Rohner, whereby he was constituted the agent of said Rohner for the sale of said schiffle embroideries, and threatened and intended to establish warerooms in the city of New York for the display and sale of the same, and threatened and intended to sell the same throughout the United States. The plaintiffs, claiming this to be a breach of the agreement on the part of Johannes Rohner, and that the damages which will be sustained by them because such breach will be of such a nature that they will have no adequate remedy at law against the defendants, prayed for an injunction restraining the defendants from importing or selling in the United States or Canada any schiffle embroideries manufactured by the defendant Johannes Rohner. A preliminary injunction having been granted, after argument, an order was entered making the same permanent, and from such order this appeal is taken.

It is difficult to understand upon what theory, precisely, the plaintiffs claim to be entitled to relief. If they claim under the dissolution agreement, it is apparent that that agreement is so incomplete that it is impossible to tell what may be the rights of the parties thereunder. The provision in that agreement is that Johannes Rohner obligates himself to Heine & Co. for the next twelve months to deliver his entire production of embroideries, and not to offer samples elsewhere. Upon what terms or conditions that production is to be paid for, nowhere appears in the agreement. It is to be observed that this agreement is in some respects more restricted, and in other respects more general, than the agreement entered into between the two firms on the 1st of July, 1897. The agreement of dissolution relates to the entire production of schiffle embroideries of Johannes Rohner, whereas by the agreement of July 1st, 1897, the obligation is to execute all orders placed with Rohner & Co. by Heine & Co., and a negative agreement not to do any business, directly or indirectly, in the United States and Canada, except with Heine & Co., and such agreement relates not only to schiffle embroideries, but to hand machine embroideries as well. Further, by the agreement of dissolution, Johannes Rohner cannot sell any schiffle embroideries, except to Heine & Co.

It will thus be seen that the obligations under the two contracts are essentially distinct, and, therefore, by the agreement of dissolution, as alleged in the complaint, Johannes Rohner cannot be held to have assumed the obligations of the contract of July 1, 1897.

It seems to us that it would be carrying the principle applied in the case of *Lawrence* v. *Fox* (20 N. Y. 268) to a much greater extreme than has heretofore been attempted to hold that the firm of Heine & Co., by reason of this provision in the dissolution agreement, have any rights as against Johannes Rohner.

We think, therefore, that the provisions of the dissolution agreement, as alleged in the complaint, are so indefinite as to be incapable of enforcement, and that a claim for relief based thereon cannot be sustained. We also think that Heine & Co., not being parties to that agreement, are not in a situation to enforce its provisions for their benefit.

It was sought upon the motion for injunction, and also upon the argument of this appeal, to bring in other provisions of the dissolution agreement by means of an affidavit of the plaintiff Heine. But it is to be observed that the question of the right to an injunction of this character depends upon the allegations of the complaint, and that unless it appears from the complaint that the plaintiff is entitled to the judgment of injunction, it cannot issue. (Code Civ. Proc. § 603.) It may all be very true that evidence may be offered in the shape of affidavits to support the allegations of the complaint, but where the complaint itself shows no cause of action or right to relief, such right cannot be established by affidavit.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.