## WOODBURN v. HYATT.

(Supreme Court, Appellate Division, Second Department. November 29, 1898.)

PRELIMINARY INJUNCTION—APPLICATION—COMPLAINT—AFFIDAVIT.

Under Code Civ. Proc. § 603, providing that, when the right to an injunction depends on the nature of the action, it may be granted pending the action, on a complaint showing plaintiff entitled to a judgment restraining the commission or continuance of an act, an injunction in such case cannot be granted on an affidavit, though the facts therein stated would have been sufficient if set forth in a complaint; section 607, authorizing the issuance of an injunction on plaintiff's affidavit, having reference only to an action where the right to an injunction is not necessarily dependent on the nature of the action.

Appeal from special term, Queens county.

Action by Marie Woodburn against Cornelius Hyatt. From an order continuing an injunction against defendant during the pendency of the action, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. A. Monfort, for appellant.
Clinton T. Roe, for respondent.

PER CURIAM. The affidavit upon which the injunction order was granted clearly shows that the right thereto is dependent upon the nature of the action. Indeed, the sole purpose of the action is to procure an injunction restraining the defendant from violating the covenant contained in the respective deeds. It is, therefore, an action where the right to an injunction depends upon the nature of the case, and, by virtue of the provisions of section 603 of the Code of Civil Procedure, an injunction can only issue where it appears from the complaint that the plaintiff is entitled to a judgment restraining the acts of the defendant, from which he would suffer injury during the pendency of the action. Such is the plain language of the Code, and also of the authorities construing the same. Sanders v. Ader, 26 App. Div. 176, 49 N. Y. Supp. 964; Heine v. Rohner, 29 App. Div. 239, 51 N. Y. Supp. 427. A case cannot be presented by a complaint where there is no complaint. This injunction was granted upon an affidavit; and while it is true that, if the facts therein were properly set forth in a complaint, they might be held sufficient to support the

order which was made, yet the court cannot construe the affidavit into a complaint, and a complaint the Code requires. Section 607 of the Code has reference to an action where an injunction may be granted, not necessarily dependent upon the nature of the action. Cushing v. Ruslander, 49 Hun, 19, 1 N. Y. Supp. 505. In such a case the injunction may issue upon an affidavit showing a proper case, and may accompany the summons. Code Civ. Proc. § 608. The order is therefore without authority, and should be reversed.

Order reversed, with $10 costs and disbursements, and injunction vacated.