use, or enjoyment in some measure of the land in question; and that such is the main, if not the only, purpose of the action, is also apparent from the complaint. In addition to decreeing a lien upon the land in question to secure performance of the terms of the contract, the plaintiff seeks a decree for specific performance by the court or some agency under its control. Such performance, it is clear, cannot be had, except these lands are possessed by such agency, and such right of possession for that purpose is sought to be established by this action. The effect of filing a lis pendens is to make subsequent grantees and incumbrancers parties to the action (section 1671) so far as the rights by them acquired in the property is concerned, and in this sense has all the force of an attachment upon property, with none of the liabilities attending that remedial assistant. But this consideration is a matter for the legislature exclusively. The legislature has the undoubted power to arbitrarily impound the subject-matter of the litigation until the litigation ends as it does by the provisions of section 1670. It has made no distinction between actions apparently founded in right and actions wanton and malicious, nor has it given the courts discretion in the matter. The right is given to every plaintiff showing by a complaint a purpose to recover a judgment which will affect the title, possession, use, or occupation of real property, and that test alone must determine the right to cancel the record of a lis pendens upon motion made upon other grounds than those stated in section 1674 of the Code of Civil Procedure. This leads to the conclusion that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

(62 App. Div. 517.)

HUNTINGTON et al. v. CORTLAND HOME TEL. CO. et al.

(Supreme Court, Appellate Division, Third Department.  June 28, 1901.)

PRELIMINARY INJUNCTION—APPLICATION—COMPLAINT—AFFIDAVIT.

Under Code Civ. Proc. § 603, providing that, when the right to an injunction depends on the nature of the action, it may be granted pending the action, on a complaint showing plaintiff entitled to a judgment restraining the commission or continuance of an act, an injunction in such case cannot be granted on an affidavit alone, no complaint being filed, though the facts therein stated would have been sufficient if set forth in a complaint.

Appeal from special term.

Action by William R. Huntington, executor, and others, against the Cortland Home Telephone Company and another. From an order continuing an injunction against defendants during the pendency of the action, they appeal. Reversed.

A temporary injunction order was obtained ex parte from a justice of the supreme court by the plaintiffs, restraining the defendant from erecting its poles and stretching its wires thereon in the highway across the plaintiffs' premises in the city of Cortland. And an order granted therewith required defendants to show cause why it should not be continued during the pendency of the action. Such order was granted upon the summons and two affidavits setting forth the reasons why such relief was asked. Upon the return of such order at special term, additional affidavits were read by the plaintiff,

and answering affidavits were used by the defendants. The special term made an order continuing such injunction, and restraining the defendant from entering upon the plaintiffs' lands and performing any of the acts complained of; and from that order this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Bronson & Davis (Rowland L. Davis, of counsel), for appellant.

J. & T. E. Courtney (O. U. Kellogg, of counsel), for respondents.

PARKER, P. J. It is a serious question whether this injunction should not have been denied for the reason that the plaintiffs would have a full and adequate remedy at law for all the acts which they seek to restrain. But we may not pass upon that question, because the plaintiffs' practice has been such that they clearly are not entitled to hold the order which they have obtained. It appears from the affidavits used that their right to an injunction, if any they have, depends upon the nature of this action. It is clearly one given by section 603 of the Code of Civil Procedure. In such a case a motion for a temporary injunction can be based only upon the complaint, and it cannot be granted upon affidavits, although they state facts which, if properly set forth in a complaint, would be sufficient to support the order. Under that section it must appear from the complaint not only that the plaintiffs demand, but that they are entitled to, the injunction. In this case no complaint was produced before the court. The plaintiffs' attorney, in an affidavit, stated that it was not yet drawn. He also stated what relief he would ask therein because of the facts stated in the affidavit, but manifestly the complaint did not show anything. It was not yet in existence. A complaint cannot even be helped out by affidavits. Stull v. Westfall, 25 Hun, 1; Heine v. Rohner, 29 App. Div. 239, 242, 51 N. Y. Supp. 427. Much less can affidavits take the place of a complaint, and act in lieu of one. Sanders v. Ader, 26 App. Div. 176, 49 N. Y. Supp. 964; Woodburn v. Hyatt, 34 App. Div. 246, 54 N. Y. Supp. 597. Within the authority of these cases, the papers upon which this order was granted were entirely insufficient to sustain it, and for that reason it must be reversed.

Order reversed, with $10 costs and disbursements. All concur.