### GOLDMAN et al. v. CORN et al.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. INJUNCTION—INJUNCTION PENDENTE LITE.

Under the express provisions of Code Civ. Proc. § 603, an injunction pendente lite is authorized where the facts set up would entitle plaintiff to a judgment for such relief.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 305, 306.]

2. SAME—GROUNDS FOR INJUNCTION—POSSESSION OF PREMISES.

An injunction will not lie to enforce a right of possession under a lease, unless irreparable injury is shown by the complaint.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 14.]

Appeal from Special Term, New York County.

Action by. Jacob J. Goldman and another against Henry Corn and another. From an order granting an injunction pendente lite, defendant Corn appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

George Hahn, for appellant.

Brussel & Beebe (B. F. Einstein, of counsel), for respondents.

CLARKE, J.    This is an appeal by the defendant Corn from an order enjoining him from any manner interfering with or preventing the plaintiff from taking possession of and occupying the tenth loft or eleventh floor of the premises 110 and 112 Fifth avenue, in the city of New York.    The complaint alleges that on or about October 14, 1903, the defendants Deitsch and the defendant Corn entered into a lease whereby Corn leased the tenth loft of the building 110 and 112 Fifth avenue to the Deitsches for five years, commencing February 1, 1904; that the lease provided for a renewal for a further period of five years, at the option of defendants Deitsch; that said defendants entered into possession and duly performed all the covenants on their part to be performed; that on the 31st of August, 1905, the plaintiffs made an agreement in writing with the defendants Deitsch, whereby the defendants Deitsch leased to the plaintiffs the demised premises for the term of eight years, commencing February 1, 1906; that on the 29th of November, 1905, the plaintiffs entered into a further agreement with the defendants Deitsch, whereby said defendants gave to the plaintiffs the right to immediately enter into possession of and to occupy said demised premises; that the defendant Corn has refused and still refuses to permit the plaintiffs to enter into possession of and to occupy the said demised premises, and has wrongfully excluded and continues to unlawfully exclude the plaintiffs from the same; that by reason of the matters aforesaid the plaintiffs will sustain irreparable loss and damage; that these plaintiffs have no adequate or sufficient remedy at law for the protection of their rights in the premises.    This complaint is framed in equity as a case where the right to an injunction depends upon the nature of the action, and, if the facts set up would entitle the plaintiffs to a judgment for such relief, then the issuance of an injunction pendente lite is authorized by section 603 of the Code of Civil Procedure.

The basis of plaintiffs' claim is that Corn has prevented them from taking possession of the demised premises under an agreement made by plaintiffs, not with Corn, but with the Deitsches.    If the Deitsches are unable to give them possession of the premises, undoubtedly plaintiffs would have an action against the Deitsches for damages for breach of contract, and the Deitsches would have an action for damages against Corn for breach of the lease with them, inasmuch as there is no restriction against their subleasing it.    But I do not understand that

ordinarily an action in equity lies to enforce the right of possession under a lease. The damages are clearly ascertainable, and may be enforced in an action at law. The pleader seems to have been of this opinion, for he has alleged "that by reason of the matters aforesaid the plaintiffs will sustain irreparable loss and damage," and he has set up in his affidavits facts and circumstances which, if alleged in the complaint, might have been suffcient to entitle him to the remedy therein demanded, and so warrant the order here appealed from. But the complaint contains no such matter.

In Heine v. Rohner, 29 App. Div. 242, 51 N. Y. Supp. 429, Presiding Justice Van Brunt said:

"It is to be observed that the question of the right to an injunction of this character depends upon the allegations of the complaint, and that unless it appears from the complaint that the plaintiff is entitled to the judgment of injunction it cannot issue. Section 603, Code Civ. Proc. It may all be very true that evidence may be offered in the shape of affidavits to support the allegations of the complaint, but where the complaint itself shows no cause of action or right to relief such right cannot be established by affidavit."

In McHenry v. Jewett, 90 N. Y. 58, Chief Judge Andrews said:

"The mere allegation of serious or irreparable injury apprehended or threatened, not supported by facts or circumstances tending to justify it, is clearly insufficient. Neither injury to the plaintiff's property, inadequacy of the legal remedy, nor any pressing or serious emergency or danger of loss, or other special ground of jurisdiction, is shown by the complaint. The complaint, therefore, does not show that the plaintiff is entitled to the final relief of injunction. * * * It is doubtless sufficient that a probable or prima facie case be made to justify the granting of an injunction pendente lite, but where, as in this case, it clearly appears that the complaint shows no cause of action, then a preliminary injunction is unauthorized, and the granting of it is error of law which may be reviewed by this court upon appeal."

In Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905, it was said:

"The only allegation in their complaint, however, is that the discontinuance of the supply of water in their premises would work a great hardship and produce great and irreparable injury to the plaintiffs. But no facts are stated in the complaint justifying that conclusion. The mere allegation of great or irreparable injury apprehended or threatened, which is not supported by facts or circumstances tending to justify it, is clearly insufficient. Therefore the complaint does not show that plaintiffs were entitled to relief by injunction."

It follows that, the complaint in this case not setting up facts sufficient to warrant the final judgment of injunction, it was error to grant the injunction pendente lite.

Order reversed, with $10 costs and disbursements, and injunction vacated, with $10 costs.

INGRAHAM, J., concurs.

O'BRIEN, P. J. I concur in the conclusion reached by Mr. Justice CLARKE, and for the following reasons: He states that plaintiff "has set up in his affidavits facts and circumstances which, if alleged in the complaint, might have been sufficient to entitle him to the remedy therein demanded, and so warrant the order here appealed from. But the complaint contains no such matter." I agree that this latter statement is correct, but I am of opinion that, if the facts and circumstances

stated in the affidavits had been included in the complaint, the plaintiffs would have been entitled to an injunction pendente lite. The law is well settled that "the landlord has no right upon his tenant's premises during the term, without the tenant's consent, unless such right of entry is reserved in the letting. Every unlawful entry upon the premises of another is a trespass, and, whether the owner suffer much or little, he is entitled to recover some damages." Shannon v. Burr, 1 Hilt. 40. The Deitsches under their original lease had been in possession from October, 1903, until August 31, 1905, and, having the right to assign the lease to the plaintiffs, the landlord Corn had no more legal right than a stranger to interfere with plaintiffs' going into possession. For such an unlawful interference with the plaintiffs' rights, they would ordinarily have an adequate remedy at law for damages. And that a tenant also has the right to enjoin a trespass is also abundantly supported by authority. Doyle v. Lord, 64 N. Y. 433, 21 Am. Rep. 629. In the latter case it must appear that mere damages are not an adequate remedy.

The learned judge at Special Term, upon the question whether the plaintiffs have an adequate remedy at law, says:

"It sufficiently appears that the busy season of plaintiffs is at hand; that they are in danger of losing trade, if they are not permitted to take possession, and in my judgment, sufficient of a prima facie case is presented showing that they would have no adequate remedy at law."

The facts, however, upon which this is made evident, are not stated in the complaint, but appear in affidavits which were used upon the motion. I agree, therefore, with Mr. Justice CLARKE that as the right to injunctive relief in this instance depends upon the nature of the action, and is thus controlled by section 603 of the Code of Civil Procedure, the three cases which he cites (Heine v. Rohner, 29 App. Div. 242, 51 N. Y. Supp. 427; McHenry v. Jewett, 90 N. Y. 58; Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905) are authorities for the proposition that the facts must be alleged in the complaint showing that the plaintiff is entitled to injunctive relief, and that such right cannot be established by affidavits.

I think, therefore, that the order must be reversed, but without prejudice to a renewal of the application, should the plaintiffs be successful in obtaining leave to serve an amended complaint, with suitable allegations which support their right to injunctive relief.

LAUGHLIN and HOUGHTON, JJ., concur.