(161 App. Div. 624)

BLAKESLEE v. INTERNATIONAL MOTOR CO. et al.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. INJUNCTION (§ 144*)—PENDENTE LITE—COMPLAINT—AMENDMENTS—EFFECT.
   Where an amended complaint is served after the sustaining of a demurrer to the original, the original is completely superseded, and an injunction pendente lite cannot be granted under a motion made on the original.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

2. INJUNCTION (§ 144*)—PENDENTE LITE—DEMURRER TO COMPLAINT—EFFECT.
   The sustaining of a demurrer to a complaint, praying for an injunction pendente lite, is in effect a final decision that so far as that pleading is concerned plaintiff was not entitled to an injunction.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

Appeal from Special Term, Kings County.

Action by George E. Blakeslee against the International Motor Company and others. From an order denying an injunction pendente lite, plaintiff appeals. Appeal dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

147 N.Y.S.—4

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Xenophon P. Huddy, of New York City, for appellant.

Edward W. Hatch, of New York City, for respondents.

PER CURIAM. This appeal is from an order of the Special Term that denies a motion for an injunction pendente lite.

[1] The respondent made a preliminary motion in this court for dismissal of this appeal upon the ground that a demurrer interposed to the complaint had been sustained, that thereupon the plaintiff had pleaded over, but that the original complaint was the only complaint upon which the motion for the said injunction was made. It is familiar law that the first complaint was superseded by the amended complaint. The right to the injunctive relief asked for in this case must appear by the complaint, and cannot be established by affidavits. Goldman v. Corn, 111 App. Div. 674, 97 N. Y. Supp. 926; Loewenstein v. Loewenstein, 114 App. Div. 65, 99 N. Y. Supp. 730; Sanders v. Ader, 26 App. Div. 176, 49 N. Y. Supp. 964.

[2] The elimination of the original complaint by demurrer was in effect a final decision that the plaintiff, so far as that pleading is concerned, was not entitled to the preliminary injunction. Williams v. Montgomery, 148 N. Y. 521–524, 43 N. E. 57; Joyce on Injunctions, § 330, and cases cited.

Therefore the motion to dismiss the appeal must be granted, with costs.