EDWIN J. O'ROURKE, Appellant, v. WILLIAM HUTTON, JR., as Commissioner of Public Safety of the City of Troy, New York, Respondent.— Appeal from an order of Special Term of the Supreme Court, Albany county, dated July 3, 1936, dismissing the complaint herein on the merits on the ground that it does not set forth facts sufficient to constitute a cause of action. The action is brought by the plaintiff,

a patrolman of the police department of the city of Troy, for an injunction restraining the defendant from hearing certain charges preferred against plaintiff for alleged negligence or dereliction in the performance of official duties, which occurred on or prior to April 20, 1936. The action was commenced June 17, 1936, and at the same time plaintiff moved for a temporary injunction restraining the defendant from proceeding to hear said charges pending the trial and determination of this action. The motion resulted in an order, dated June 19, 1936, granting such injunction *pendente lite.* Thereafter defendant moved before another justice at Special Term to dismiss the complaint upon the grounds that it fails to state facts sufficient to constitute a cause of action, which said application resulted in an order dismissing said complaint upon the merits, which is the order herein appealed from. Plaintiff was appointed to his said position on December 31, 1923, after having passed the requisite civil service examination and after having been duly certified for such position. Thereafter, and on April 3, 1931, plaintiff signed a resignation from his said position bearing said date, although he did not desire or intend to sever his employment as a member of said police department, but alleges that he was illegally forced to sign such resignation, although no written charges were then made or pending against him. About five years later and on April 20, 1936, the defendant notified plaintiff that his said resignation was accepted and that plaintiff was dismissed as patrolman. Thereupon plaintiff obtained a peremptory order of mandamus dated June 12, 1936, directing his reinstatement, and pursuant thereto plaintiff presented himself and reported for duty at the office of the police department June 17, 1936, and was informed that he was reinstated, but written charges were immediately served upon him with notice that he would be tried upon the same on June 18, 1936, at three o'clock P. M. Thereupon this action was commenced to restrain the hearing of said charges, and out of said action have resulted the said order granting an injunction *pendente lite* and the said order dismissing the complaint. The appellant points out that the injunction order was granted under section 877 of the Civil Practice Act, where the right thereto depends on the nature of the action, and asserts that when the court at Special Term granted the injunction order this constituted in effect a holding that the complaint was sufficient and that such determination became *res adjudicata,* there having been no appeal therefrom, and that another court at Special Term, being of equal and co-ordinate authority, had no power to set aside or in effect reverse such order of the other justice by dismissing the complaint as insufficient by the order appealed from herein. Appellant alleged in his complaint and now claims that the action of the defendant in assuming to accept plaintiff's said resignation constituted an election of remedies by which the defendant is now precluded from trying the plaintiff upon any charges as to any matters existing prior to the date of the purported acceptance of said resignation. The defendant asserts not only that the court below had authority to grant the order herein, but that the complaint is insufficient upon its face; that by section 137 of the Second Class Cities Law the duty is cast upon the defendant to try upon charges any member of the police department who has been negligent or derelict and that courts may not restrain a public officer in the performance of duties imposed upon him by law; that the controversy concerns more than a dispute between individuals over property rights, but that the welfare and interest

of the public are involved. In addition, the defendant asserts that the plaintiff has an adequate remedy at law, although the complaint alleges to the contrary. (See *New York State Electric & Gas Corp.* v. *Maltbie,* 266 N. Y. 521; *Carlisle* v. *Bennett,* 268 id. 212; *U. L. T. Co.* v. *Grant,* 137 id. 7; *Hyatt* v. *Bates,* 40 id. 164; *People* v. *Canal Board of New York,* 55 id. 390; *Goldman* v. *Corn,* 111 App. Div. 674; *Koenig* v. *Eagle Waist Co., Inc.,* 176 id. 724.) Order affirmed, with ten dollars costs and disbursements to respondent. Rhodes, McNamee and Bliss, JJ., concur; Hill, P. J., and Heffernan, J., dissent.