In the Matter of the Application of JULIUS RESTAURANT, INC., Petitioner, Appellant, against JULIUS LOMBARDI, Respondent.

First Department, June 29, 1939.

*Myron Engelman* of counsel [*Sidney Katzen*, attorney], for the appellant.

*Max Chopnick*, for the respondent.

Cohn, J.   Petitioner-appellant instituted in the Supreme Court a proceeding for a permanent injunction by personal service on respondent of a notice of motion and a verified petition, to which certain exhibits were attached.   No action had been begun, no summons and no complaint had been served.   Appellant claimed the right to proceed in this manner upon the authority of section 964 of the Penal Law.   Alleging that respondent, with intent to deceive the public, had adopted and was using its trade name of " Julius " in connection with a restaurant, bar and grill, appellant prayed for an order enjoining respondent from continuing the restaurant business at 181 West Tenth street in the city of New York " under any name in which the word ' Julius ' is the sole or predominant designation," or from advertising it under that name.

Respondent challenged the jurisdiction of the court to entertain the motion.   As no action for injunction was pending he asserted that the application to enjoin respondent was not properly brought. From the order denying the motion for injunctive relief, petitioner appeals.   Only a procedural question is here raised.   It is, accordingly, unnecessary to consider the merits.

Section 964 of the Penal Law was added by chapter 638 of the Laws of 1937.   It is entitled, " Use of name or address with intent to deceive."   In effect it provides that no person, firm or corporation shall with intent to mislead or deceive the public assume, adopt or use as part of its trade name for any purpose any name which may deceive the public as to the identity of the person, firm or corporation with any other person, firm or corporation.   A violation of the statute is declared to be a misdemeanor.   The section then provides: " Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or

threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or mislead thereby."

It does not appear that respondent has been convicted of a misdemeanor charge under section 964 nor is it claimed that any criminal proceeding has in fact been instituted against him thereunder.

Appellant argues that by this enactment a new procedure was authorized, namely, application for a permanent injunction by motion and petition, and that there is no longer any necessity for bringing an action for an injunction in a court of equity in the particular class of cases specified in section 964.

We are of the opinion that this section of the Penal Law creates nothing new with respect to the established civil law. It adds a criminal penalty to what was heretofore a civil wrong. In keeping with the objects of the Penal Law, it defines a new crime; it denominates as a misdemeanor the use by a person of the trade name of another with intent to deceive the public. The purpose of the Penal Law is not to create new civil remedies but it " specifies the classes of persons who are deemed capable of crimes, and liable to punishment therefor; defines the nature of the various crimes; and prescribes the kind and measure of punishment to be inflicted for each." (Penal Law, § 20.) Section 964 does not abrogate established general principles of equity jurisprudence but merely declares that which is and long has been a part thereof, namely, that one may secure an injunction to enjoin the use of a trade name calculated to mislead the public. (*Colman* v. *Crump*, 70 N. Y. 573, 578, 579.)

Reasonably interpreted, the new statute does not justify the assumption that a final adjudication of the right to an injunction may be had in a summary proceeding. The section does not prescribe a new and complete line of procedure. Prior to the enactment of this statute, if any act now made a misdemeanor were threatened or performed, the aggrieved party always had the existing remedy under established practice to seek injunctive relief in an appropriate action. ( *Nu Enamel Corp.* v. *Nate Enamel Co., Inc.*, 243 App. Div. 292; affd., 268 N. Y. 574.) The language of the statute that " an application may be made to a court or justice having jurisdiction to issue an injunction " compels the

aggrieved party to seek his relief in the Supreme Court which is the only court possessed of authority to grant injunctions in those cases specifically provided for in the statute. The procedural steps upon such application are to be found in the Civil Practice Act. The type of injunction referred to in the penal statute is obviously one which falls within the purview of section 877 of the Civil Practice Act, that is, where the right to the injunction order depends upon the nature of the action. In such a case, a temporary injunction can be based only upon the complaint, notwithstanding that plaintiff submits affidavits stating facts which if properly set forth in a complaint would be sufficient to warrant the granting of an injunction. (*Huntington* v. *Cortland Home Tel. Co.*, 62 App. Div. 517.)

The law is well settled that in order to secure an injunction, an action must be commenced therefor and a summons and complaint are essential elements to consideration of the right to such relief. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Jaenecke-Ault Co.* v. *Winslow Ink Corp.*, 223 App. Div. 832; *Loewenstein* v. *Loewenstein*, 114 id. 65, 66; *Woodburn* v. *Hyatt*, 34 id. 246, 247; *Sanders* v. *Ader*, 26 id. 176; *Uppercu* v. *Stevens*, 160 id. 918.) Clearly, the basis for the restraining order sought here cannot be established by affidavits alone but must appear by complaint.

There is nothing new in the provision that an injunction may be issued without proof that any person has been deceived or misled. Evidence of deception and confusion is not essential to establish a basis for injunctive relief. A likelihood that deception and confusion will occur has repeatedly been held sufficient. (*Albany Packing Co., Inc.,* v. *Crispo*, 227 App. Div. 591; affd., 253 N. Y. 607; *T. A. Vulcan* v. *Myers*, 139 id. 364, 367; *New York World's Fair 1939 Inc.*, v. *World's Fair News, Inc.*, 256 App. Div. 373.)

Appellant seeks not a temporary injunction but a permanent one based only on a notice of motion and petition. It will not be presumed that the Legislature intended to permit the granting of a permanent injunction in this summary manner. If that had been the legislative intent, it would have been clearly stated in unmistakable terms, coupled with a complete procedural method for the remedy. We are not to impute to the Legislature an intent to change long established rules of law or equity in the absence of a clear manifestation of such intention. (*Seligman* v. *Friedlander*, 199 N. Y. 373, 376; *Sutherland* v. *Mead*, 80 App. Div. 103, 109.) The principle is analogous to the doctrine that statutes in derogation of the common law are to be strictly construed. (McKinney's

Consolidated Laws, Book 1, Statutes and Statutory Construction, § 89; *Jones* v. *City of Albany*, 151 N. Y. 223, 228.)

The court has no jurisdiction to consider appellant's application upon the papers herein. The Special Term correctly held that the provisions of section 964 of the Penal Law must be read in conjunction with related provisions of the Civil Practice Act with respect to the procedure to be followed and that an injunction could not be granted upon a mere notice of motion and petition except after the commencement of an appropriate action.

The order so far as appealed from denying the motion without prejudice to a renewal on proper papers should be affirmed, with twenty dollars costs and disbursements to the respondent.

MARTIN, P. J., and CALLAHAN, J., concur; TOWNLEY and UNTERMYER, JJ., dissent.

UNTERMYER, J. (dissenting). Section 964 of the Penal Law contemplates a special proceeding, summary in character, where the defendant has committed any of the prohibited acts. The appropriate relief is a permanent injunction, not an injunction *pendente lite*, to which the statute makes no reference whatever. No explanation is suggested for the enactment of these injunctive provisions if, as the defendant contends, they were unnecessary duplications of other provisions of law. Nor is it possible to explain why these provisions should have been inserted in the Penal Law or what is to become of the provision for notice to the defendant of five days if the provisions of the Civil Practice Act allowing twenty days in which an answer may be served apply here.

The meaning and purpose of these provisions seem manifest. When the Legislature undertook to render criminal acts which previously had not constituted any crime, it concluded to make its purpose more effective by according to the aggrieved party a speedy and extraordinary remedy. We should not disregard the mandate of the statute, expressed in perfectly intelligible terms, by declaring that these specific provisions, applicable only to a limited class of actions, are futile duplications of other provisions already available to all litigants.

If the petitioner has the right to maintain such a proceeding the court in which it may be instituted and the procedure to be followed are the same as prescribed for any other proceeding in which an injunction is demanded. This contemplates the filing of a petition returnable in five days in the Supreme Court. After the defendant has answered the petition the court may grant or refuse the injunction, as the case requires, if there is presented only a question of

law. Upon any contested issue of fact proof must be taken by the testimony of witnesses in the same manner as in any other equity proceeding.

The order should be reversed and the motion denied.

TOWNLEY, J., concurs.

Order so far as appealed from affirmed, with twenty dollars costs and disbursements.