FANNYE ETTLINGER, Doing Business as PROFESSIONAL MEN'S EXCHANGE OF QUEENS, Plaintiff, *v.* EDNA TREW, Defendant.

Supreme Court, Special Term, Queens County, December 18, 1940.

*Samuel A. Goldstein,* for the plaintiff.

*Frank P. Seitz* [*Bertram Schwartz* of counsel], for the defendant.

HOOLEY, J. It appears that an action was started by the plaintiff to enjoin the defendant from maintaining and operating a telephone service and from soliciting professional men and women for such service in Richmond Hill, Woodhaven, Ozone Park, Kew Gardens and Forest Hills. An injunction *pendente lite* was issued

on October 14, 1940. Subsequently, a motion was made to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This motion was granted with leave to plaintiff to plead over and an order thereon dismissing the complaint was entered on November 29, 1940.

The claimed violation of the injunction order occurred after the date of the order dismissing the complaint, and the question before the court is whether the temporary injunction order continued in effect and survived the dismissal of the complaint. The answer would seem to be in the negative.

Section 877 of the Civil Practice Act, under which the order in the instant case was granted, provides as follows: " Where it appears *from the complaint* that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may be granted to restrain it." (Italics mine.)

Thus, it is apparent that the very foundation of the injunction order is the complaint. Hence, the court herein having declared that the complaint does not state a good cause of action and having dismissed it, the prop upon which the temporary injunction rested has been removed and it must fall of its own weight. In a somewhat similar situation in *Blakeslee* v. *International Motor Co.* (161 App. Div. 624) the court said as follows:

" This appeal is from an order of the Special Term that denies a motion for an injunction *pendente lite*. The appellant made a preliminary motion in this court for dismissal of this appeal upon the ground that a demurrer interposed to the complaint had been sustained, that thereupon the plaintiff had pleaded over, but that the original complaint was the only complaint upon which the motion for the said injunction was made. It is familiar law that the first complaint was superseded by the amended complaint. The right to the injunctive relief asked for in this case must appear by the complaint, and cannot be established by affidavits. (*Goldman* v. *Corn*, 111 App. Div. 674; *Loewenstein* v. *Loewenstein*, 114 id. 65; *Sanders* v. *Ader*, 26 id. 176.) The elimination of the original complaint by demurrer was in effect a final decision that the plaintiff, so far as that pleading is concerned, was not entitled to the preliminary injunction. (*Williams* v. *Montgomery*, 148 N. Y. 519, 524; Joyce Inj. § 330, and cases cited.)

" Therefore, the motion to dismiss the appeal must be granted, with costs."

And in *Williams* v. *Montgomery* (148 N. Y. 519, 524) the court said: " As the action was brought to procure an injunction, the dismissal of the complaint upon the ground that it did not state a cause of action, *is a final decision* that the plaintiff was not entitled *to the preliminary injunction.*" (Italics mine.)

Motion denied without prejudice to the application for a new injunction upon a sufficient complaint.