GALUSHA G. MACNAMARA et al., Appellants, *v.* ARCHIBALD N. DOUBLEDAY et al., Respondents.

Third Department, May 8, 1946.

*S. J. Mauhs,* attorney for appellants.

*Dennison & Pulsifer,* attorneys for respondents.

LAWRENCE, J. On or about December 12, 1941, a three-party contract was made by which appellants agreed, for a consideration, to remove certain incumbrances and rights which had been previously granted by appellants to Leon J. Briscoe and Minnie Briscoe, adjoining owners in the property contracted to be sold to respondents. The agreement provided that the quality of the workmanship and material to be used by appellants was to be the subject of arbitration if the parties were unable to agree. Each of the three parties was to choose an arbitrator. The decision of the arbitrators on any disputed question of fact was to be final, binding and conclusive upon all parties.

About February 24, 1944, the respondents, pursuant to the agreement and pursuant to subdivision 2 of section 1458 of the Civil Practice Act, served notice upon the appellants that they intended to conduct an arbitration proceeding with reference to disputes regarding compliance with the terms and conditions of the agreement. The notice contained the following provision: "PLEASE TAKE FURTHER NOTICE that unless within ten (10) days after service of this notice of intention to conduct the arbitration you serve a notice of motion to stay the arbitration herein, you shall thereafter be barred from putting in issue the making of said agreement dated December 12, 1941, and of your failure to comply therewith."

Apparently by stipulation, the appellants' time to move was extended to March 14, 1944. On March 13, 1944, the appellants commenced an action against the other parties to the agreement by the service of a summons without any complaint. At the same time the appellants served a notice of motion to vacate the notice of intention to conduct arbitration or, in the alternative, to stay the arbitration. The motion was based upon the agreement and upon an affidavit by the attorney for the appellants. The moving affidavit stated, in substance, that the complaint would claim that the agreement was without consideration and was obtained as a result of false and fraudulent representations. The moving affidavit stated that the appellants substantially performed the provisions of the agreement and that there was nothing to arbitrate. No affidavit was made by either appellant. The attorney could not have personal knowledge of

the making of the agreement or of the facts growing out of it. He does not recite any facts to substantiate his conclusion regarding fraud or false representation.

The Special Term, after reargument, denied the motion to vacate the notice and the motion to stay, and held that there was a sufficient compliance with the provisions of section 1458 as amended by chapter 573 of the Laws of 1939.

The motion to stay or for temporary injunction must fail as there was no compliance with sections 877 and 878 of the Civil Practice Act. (*Matter of Julius Restaurant, Inc.*, v. *Lombardi*, 257 App. Div. 370; *Huntington* v. *Cortland Home Tel. Co.*, 62 App. Div. 517, 518.)

Appellants rely on *Schafran & Finkel, Inc.*, v. *Lowenstein & Sons, Inc.* (280 N. Y. 164) as authority for their contention that the notice was not sufficient to confer jurisdiction. After that decision an amendment was made to subdivision 2 of section 1458 of the Civil Practice Act providing, in effect, that a notice to arbitrate must state that unless within ten days after its service the party served therewith served a notice of motion to stay the arbitration, he was thereafter barred from putting in issue the making of the contract or failure to comply with it. In the *Schafran* case (*supra*) there was no agreement to arbitrate but only a clause appearing upon an invoice which was not accepted or recognized by the consignee. The Court of Appeals held that a court of equity was not deprived of jurisdiction where there had been a lack of due process. The amendment to section 1458 provides for consequences to follow a failure to act in order to stay the arbitration. This constitutes due process and meets the objection in the *Schafran* case by requiring the insertion of the added amendment so that the person served is notified of the effect of default.

Appellants attack the notice because it does not state the time and place for further proceeding. At the time of giving notice in the case at bar, arbitrators had not been selected. Notice of hearing could be given by the arbitrators when selected under section 1454 of the Civil Practice Act. The notice served gave opportunity to move to stay proceedings if it was desired to raise the issue of the making of the contract. That construction seems to have been adopted by the appellants.

The question remains as to whether the appellants have legally raised the issue of the existence of the contract to arbitrate. When the contract was executed the parties were represented by able counsel. The attorney for the plaintiffs, who makes the moving affidavit, did not take part in negotiations

leading up to the contract and could have no personal information regarding facts which were the basis of its provisions. The contract should not be set aside by the mere statement of counsel, unsupported by details and in the absence of a pleading to that effect. The moving affidavit in the application to vacate the notice fails to set forth evidentiary facts which raise a substantial issue with reference to the making of the contract or the failure to comply with it as required by subdivision 2 of section 1458 of the Civil Practice Act.

The order should be affirmed, with costs.

All concur.

Order affirmed, with costs.