Glare J. Hoyt, J.
The plaintiff, a building and development corporation, sues the defendant Lia, the business repi'esentative of Local 2708 (United Brotherhood of Carpenters and Joiners of America, AFL-CIO), and Local 2708, for money damages in two causes of action. The first cause of action is for unlawfully interfering with plaintiff’s prospective purchasers and the second cause of action is for violating a settlement agreement reached between the parties and the National Labor Relations Board whereby the defendants agreed not to engage in unfair *884 labor practices and not to interfere with plaintiff’s conduct óf its business.
The plaintiff, proceeding by order to show cause, now seeks an injunction pendente lite restraining the defendants from interfering with “ the business relations of the plaintiff ”.
The motion is denied and must be on two grounds, each equally fatal to plaintiff’s application.
The complaint seeks money damages and does not seek equitable relief. If the plaintiff is proceeding pursuant to section 877 of the Civil Practice Act, since the complaint does not seek equitable relief, the plaintiff cannot have an injunction pendente lite. (10 Carmody-Wait, New York Practice, pp. 521, 522, 560, 561 and cases cited therein.) The affidavit of plaintiff in support of the motion states that plaintiff is seeking an injunction. This does not cure the defect. (Matter of Julius Restaurant v. Lombardi, 257 App. Div. 370, revd. on other grounds 282 N. Y. 126; Heine v. Rohner, 29 App. Div. 239.) Plaintiff’s affidavit fails to set forth or establish extrinsic facts to permit- the issuance of an injunction under section 878 of the Civil Practice Act.
In addition the plaintiff’s application must be denied because the plaintiff has availed itself of the offices of the National Labor Relations Board which resulted in the execution of the settlement agreement. Plaintiff’s action is, in part, based upon the alleged breach of this agreement. If the agreement has in fact been breached, plaintiff should address its complaint to the National Labor Relations Board which is vested with power to entertain the plaintiff’s grievance against the defendant union because of unfair labor practices. A State court may not afford the plaintiff injunctive relief where the plaintiff has sought relief from the National Labor Relations Board and where further application may be made to that agency. (Pleasant Valley Packing Co. v. Talarico, 5 N Y 2d 40, 46, and U. S. Supreme Ct. cases cited therein.)