HEINE et al. v. ROHNER et al.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

1. SPECIFIC PERFORMANCE—PARTIES TO CONTRACT.

The American firm of Heine & Co. and the firm of Rohner & Co., who manufactured embroideries in Switzerland, had a common partner. By an agreement between the two firms, the Swiss firm obligated itself for two years and a half to execute all orders placed with it by the New York firm, and not to do any business with any one else in the United States or Canada. Soon after this agreement was made, the common partner withdrew from the Swiss firm, and in doing so made an individual agreement with the remaining partner therein that the latter should deliver to H. & Co. for one year his entire production of schiffle embroideries, and not offer samples elsewhere. *Held*, that H. & Co., not being parties to the latter agreement, were not in a condition to enforce its provisions.

2. SAME—INDEFINITE CONTRACT.

*Held*, further, that the latter agreement was so indefinite as to be incapable of enforcement.

3. RIGHT TO INJUNCTION—PLEADING.

The question of the right to an injunction under Code Civ. Proc. § 603, depends upon the allegations of the complaint, and, if the complaint itself shows no cause of action or right to relief, such right cannot be established on the motion by affidavit.

Appeal from special term, New York county.

Action by Arnold B. Heine and Jacob Rohner against Johannes Rohner and Anton Iglauer for an injunction. From an order granting the relief prayed, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

A. Blumenstiel, for appellants.
Chas. E. Rushmore, for respondents.

VAN BRUNT, P. J. This action was brought against Johannes Rohner and Anton Iglauer to restrain them from importing into the United States or Canada any goods known as "schiffle" embroidery, and from selling or exhibiting for sale any of such goods. It appears that on the 1st of July, 1897, the firm of A. B. Heine & Co., composed of Arnold B. Heine and Jacob Rohner, were doing business in the city of New York, and that the firm of Jacob Rohner & Co., composed of Jacob Rohner and the defendant Johannes Rohner, were manufacturers of embroideries in Switzerland. On that date the said two firms entered into an agreement whereby it was agreed that the firm of Rohner & Co. should remain the sole manufacturers for Heine & Co. of hand-machine and schiffle embroideries for the business in the United States and Canada, and obligated itself to execute all orders placed with it by Heine & Co. Rohner & Co. further agreed not to do any business, directly or indirectly, in the United States or Canada, except with Heine & Co. The agreement contained the conditions upon which the orders of Heine & Co. were to be executed, and provided for methods of payment. This agreement was to continue until the 1st of January, 1900. Upon the 8th of September, 1897, Jacob and Johannes Rohner dissolved their said co-partnership of Jacob Rohner & Co., and entered into an agreement of dissolution, whereby Johannes Rohner acquired the only mill belonging to said firm which was available for the purpose of manufacturing schiffle embroideries, and whereby Johannes Rohner obligated himself to deliver to Arnold B. Heine or A. B. Heine & Co. (there being a dispute in regard to this), for the next 12 months, his entire production of schiffle embroideries, and not to offer the samples elsewhere. The plaintiffs had established a large business throughout the United States and Canada for the sale of schiffle embroideries, in reliance, it is alleged, upon the said contract and agreement. Prior to November, 1897, the defendant Iglauer was employed by the plaintiffs as general house salesman, and in said employment he became acquainted with the plaintiffs' customers. The defendant Iglauer, having left the employment of the plaintiffs, entered into an agreement with the defendant Rohner, whereby he was constituted the agent of said Rohner for the sale of said schiffle embroideries, and threatened and intended to establish warerooms in the city of New York for the display and sale of the same, and threatened and intended to sell the same throughout the United States. The plaintiffs, claiming this to be a breach of the agreement on the part of Johannes Rohner, and that the damages which will be sustained by them by such breach will be of such

a nature that they will have no adequate remedy at law against the defendants, prayed for an injunction restraining the defendants from importing or selling in the United States or Canada any schiffle embroideries manufactured by the defendant Johannes Rohner. A preliminary injunction having been granted, after argument an order was entered making the same permanent; and from such order this appeal is taken.

It is difficult to understand upon what theory precisely the plaintiffs claim themselves to be entitled to relief. If they claim under the dissolution agreement, it is apparent that that agreement is so incomplete that it is impossible to tell what may be the rights of the parties thereunder. The provision in that agreement is that Johannes Rohner obligates himself to Heine & Co. for the next 12 months to deliver his entire production of embroideries, and not to offer samples elsewhere. Upon what terms or conditions that production is to be paid for nowhere appears in the agreement. It is to be observed that this agreement is in some respects more restricted, and in other respects more general, than the agreement entered into between the two firms on the 1st of July, 1897. The agreement of dissolution relates to the entire production of schiffle embroideries of Johannes Rohner; whereas by the agreement of July 1, 1897, the obligation is to execute all orders placed with Rohner & Co. by Heine & Co., and a negative agreement not to do any business, directly or indirectly, in the United States and Canada, except with Heine & Co.; and such agreement relates not only to schiffle embroideries, but to hand-machine embroideries as well. Further, by the agreement of dissolution Johannes Rohner cannot sell any schiffle embroideries, except to Heine & Co. It will thus be seen that the obligations under the two contracts are essentially distinct, and therefore, by the agreement of dissolution as alleged in the complaint, Johannes Rohner cannot be held to have assumed the obligations of the contract of July 1, 1897. It seems to us that it would be carrying the principle applied in the case of Lawrence v. Fox, 20 N. Y. 268, to a much greater extreme than has heretofore been attempted, to hold that the firm of Heine & Co., by reason of this provision in the dissolution agreement, have any rights as against Johannes Rohner. We think, therefore, that the provisions of the dissolution agreement as alleged in the complaint are so indefinite as to be incapable of enforcement, and that a claim for relief based thereon cannot be sustained. We also think that Heine & Co., not being parties to that agreement, are not in a condition to enforce its provisions for their benefit.

It was sought upon the motion for injunction, and also upon the argument of this appeal, to bring in other provisions of the dissolution agreement by means of an affidavit of the plaintiff Heine. But it is to be observed that the question of the right to an injunction of this character depends upon the allegations of the complaint, and that, unless it appears from the complaint that the plaintiff is entitled to the judgment of injunction, it cannot issue. Code Civ. Proc. § 603. It may all be very true that evidence may be offered in the shape of affidavits to support the allegations of the com-

plaint, but where the complaint itself shows no cause of action or right to relief, such right cannot be established by affidavit.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.