HEINE et al. v. ROHNER et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

PLEADING—AMENDMENT AFTER APPEAL.

After an order granting an injunction pendente lite had been reversed on appeal on the ground that the agreement on which relief was sought was too indefinite for enforcement, an application, made immediately at special term, for leave to amend the complaint by setting out the agreement in extenso, and by incorporating certain allegations as to the intention of the parties with respect thereto, was denied. *Held,* that the motion should have been granted.

Appeal from special term, New York county.

Action of Arnold Heine and another against Johannes Rohner and others. From an order denying motion to amend complaint, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

M. H. Regensborger, for appellants.

E. Blumenstiel, for respondents.

McLAUGHLIN, J. This action was brought to recover a judgment enjoining and restraining the defendants from importing to

and selling in the United States a certain class of embroideries. Upon the complaint the plaintiffs obtained an injunction pendente lite. The defendants appealed from the order granting the injunction, and the same was reversed by this court upon the ground, as appears from the opinion of Presiding Justice Van Brunt, that the dissolution agreement, the substance of which was set out in the complaint, was "so indefinite as to be incapable of enforcement, and that a claim for relief based thereon cannot be sustained." Heine v. Rohner, 29 App. Div. 239, 51 N. Y. Supp. 427. As soon as the decision of the appeal was handed down, the plaintiffs applied for leave to amend their complaint by setting out the dissolution agreement in extenso, and also by incorporating therein certain allegations as to the intention of the parties with respect thereto. The learned justice at special term denied the application to amend, as appears from his opinion, upon the ground that "the complaint as it now stands is apparently sufficient for the purposes of the trial." It is apparent from this statement of the learned justice that he had not seen the opinion of this court, above referred to, or else that he inadvertently overlooked the ground upon which the reversal was placed. However this may be, we are of the opinion that the motion should have been granted. Parties should be afforded every reasonable opportunity to get their pleadings in a form entirely satisfactory to themselves before entering upon the trial of the issues involved. Here the amendment sought did not change the cause of action. The application to amend was promptly made. A sufficient excuse appeared for not having incorporated the desired allegations in the original complaint; and the appellate branch of the court in which the action was to be tried had intimated that the complaint in its original form did not state a cause of action. It is true, the amendment desired might possibly delay the trial of the action, and it might also afford the plaintiffs an opportunity to renew the application for an injunction during the pendency of the action; but, if so, this did not justify a denial of the motion.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted on payment by plaintiffs of $10 costs of the motion, and of all the costs of the action between service of the answer and the time when the application was made to amend, after deducting therefrom $10 costs and disbursements of this appeal. All concur.