MAX BACHMAN, Respondent, *v.* CHARLES H. HARRINGTON, as President of the ROCHESTER MUSICIANS' PROTECTIVE ASSOCIATION, Appellant.

1. INJUNCTION. A court of equity has no inherent absolute power to grant interlocutory injunctions — that authority must be found in the Code of Civil Procedure.

2. MANDATORY INJUNCTION — CODE CIV. PRO. §§ 603, 604. While under the Code of Civil Procedure it is within the power of a court of equity, in proper cases, to issue mandatory injunctions, such power is not unlimited, and when the exercise of such power exceeds the limit, it is not a mere error, but void as without jurisdiction.

3. SAME. Where the complaint presents a case showing or tending to show that affirmative action by the defendant of a temporary character is necessary to preserve the status of the parties, then a mandatory injunction may be granted; but if there be neither proof nor allegation to that effect, and the act sought to be enforced is not continuous in its character, but solely the one sought to be decreed by final judgment, then the issuing of a preliminary mandatory injunction is without authority.

4. VIOLATION OF VOID ORDER NOT PUNISHABLE AS FOR A CIVIL CONTEMPT. Where the main object of an action by a suspended member of a voluntary association is to compel his reinstatement as a member in good standing, the court has no power to grant an interlocutory injunction requiring his reinstatement; and in a proceeding to punish as for a civil contempt the violation of such injunction, the lack of authority to grant it is a complete defense.

*Bachman* v. *Harrington*, 108 App. Div. 357, reversed.

(Submitted March 2, 1906; decided April 17, 1906.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 11, 1905, which affirmed an order of Special Term adjudging the defendant guilty of contempt of court and punishing him therefor.

The questions certified and the facts, so far as material, are stated in the opinion.

*George D. Forsyth* for appellant. The order directing the reinstatement of plaintiff into membership in the defendant's association was void, and the first question submitted should be answered in the affirmative. (*People ex rel. Johnson* v. *N. Y. P. Exchange*, 149 N. Y. 401; *Lewis* v. *Wilson*, 121 N. Y. 284; *Bachman* v. *Arbeter*, 64 How. Pr. 442; *Fargo* v. *N. Y. & N. E. R. R. Co.*, 52 N. Y. S. R. 205; *Stewart* v. *Palmer*, 74 N. Y. 191; *Dartmouth College Case*, 4 Wheat. 519; *R. L. Co.* v. *Erie Ry. Co.*, 20 N. J. Eq. 379; *Spears* v. *Matthews*, 66 N. Y. 127; *Scott* v. *McNeal*, 154 U. S. 34; *Jackson* v. *Bunnell*, 113 N. Y. 216.)

*Hugh J. O'Brien* for respondent. The first question certified should be answered in the negative. (*People* v. *Sturtevant*, 9 N. Y. 263; *E. Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *People* v. *Bergen*, 53 N. Y. 404; *Daly* v. *Amberg*, 126 N. Y. 490; *Matter of Leggat*, 47 App. Div. 381; *Stolts* v. *Tuska*, 82 App. Div. 81; *People* v. *Marr*, 83 App. Div. 422; *People ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252; *Ketchum* v. *Edwards*, 153 N. Y. 534; *Sheffield* v. *Cooper*, 21 App. Div. 518.)

CULLEN, Ch. J. The plaintiff, a member of the Rochester Musicians' Protective Association, an unincorporated association, was suspended from his membership. Thereupon he brought this action against the defendant, as president of the association, alleging the illegality of the action of the association which resulted in his suspension and prayed judgment for a mandatory injunction ordering that he be reinstated as a

member in good standing and restraining the defendant from taking further steps towards the prosecution of the plaintiff and from suspending or expelling him, and from denying to him any of the benefits of membership in the association and preventing or attempting to prevent members of the association by threats, persuasion, speech, writing or otherwise, from working with or for the plaintiff, and also for damages on account of his suspension. On this verified complaint an injunction was granted; the injunction order, the disobedience of which is the subject of this proceeding, was granted by a judge of the court *ex parte*, but with an order to show cause why it should not be continued. The material part of the order is the following : " That he, they (agents, servants, etc.) and each and every one of them do absolutely desist and refrain from denying to the plaintiff any of the benefits of membership in said Rochester Musicians' Protective Association, from suspending or expelling the plaintiff, from taking further steps towards the prosecution of the plaintiff for the alleged violation of Article 13, Section 14, of the By-laws of said Association, from preventing or attempting to prevent members of said Association by threat, persuasion, speech, writing or otherwise from working with or for the plaintiff in his profession, from preventing or attempting to prevent the plaintiff obtaining work in his profession, from threatening other members of said Association with expulsion, suspension or fines if they work for or with the plaintiff; and on motion of O'Brien & O'Brien, plaintiff's attorneys, the defendant as President of said Rochester Musicians' Protective Association, it is further

" *Ordered*, under the penalties by law prescribed, that he immediately reinstate said plaintiff as a member in good standing of said Rochester Musicians' Protective Association ; and that the defendant as such President take no steps whatever to deny to said plaintiff all and every privilege of membership in said Association pending the further order of this court in the premises; and let the defendant show cause at a Special Term of this court, to be held at the Court House, in the City

of Rochester, on the 6th day of May, 1905, why the injunction order herein granted should not be continued pending the determination of this action.    Dated May 3, 1905."

Thereafter the plaintiff instituted these proceedings to punish the defendant for contempt on affidavits tending to show that the defendant had violated the injunction order in many respects.    Counter affidavits were submitted by the defendant. The learned Special Term acquitted the defendant of the charge of disobedience in every respect but one.    As to the exception, it found that the "defendant wholly failed, neglected and refused to reinstate the plaintiff as a member in good standing of said defendant association in violation of said order."    It also found that such disobedience prejudiced the rights of the plaintiff and imposed a fine upon the defendant of the sum of $160, to be paid to the plaintiff as indemnity. This order was affirmed by the Appellate Division, which has allowed an appeal to this court and certified two questions: " *First*.  Was that portion of the original injunction order granted by a Justice of the Supreme Court on the third day of May, 1905, which required the defendant association immediately to reinstate the plaintiff as a member in good standing, void?    *Second*.  Can the defendant, an unincorporated association, be convicted of a contempt of court upon the facts appearing in the record herein?"

It is to be first observed that the proceeding before us is to punish the defendant, not for a criminal contempt, but for a civil contempt.    In the first class of contempts punishment is imposed for the outrage on the majesty of the law and the authority of the court, and any fine goes to the people.    In the second case the proceeding is instituted for the violation of the private right, and a fine is imposed to be paid to the plaintiff as indemnity for the violation of that right.    (*People ex rel. Munsell* v. *Court of Oyer and Terminer*, 101 N. Y. 245.) Therefore, accepting to its fullest extent the doctrine declared in *People ex rel. Gaynor* v. *McKane* (78 Hun, 154), of the power of the court to punish as for a criminal contempt the violation of an injunction order, even though the complaint

fails to state a good cause of action, that doctrine has no application to the present case. Of course, the question before us is as to the power of the court, not as to the propriety of its action. If, on the papers presented, the court had authority to make the order that the defendant forthwith reinstate the plaintiff as a member of the association, though it erred in making the order, the defendant was properly convicted. But if the court had no authority to make that order, then the defendant should not be punished. It is well settled by repeated decisions of this court that in this state a court of equity has no inherent absolute power to grant interlocutory injunctions, but that authority therefor must be found in the Code of Civil Procedure. (*Fellows* v. *Heermans*, 13 Abb. Pr. [N. S.] 9; *Spears* v. *Mathews*, 66 N. Y. 128; *Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *People ex rel. Morris* v. *Randall*, 73 N. Y. 416; *Gardner* v. *Gardner*, 87 N. Y. 18; *Jackson* v. *Bunnell*, 113 N. Y. 216; *People ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252.) The subject is regulated by sections 603 and 604 of the Code of Civil Procedure, which provide: "§ 603. Injunction, when the right thereto depends upon the nature of the action. Where it appears, from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it. The case, provided for in this section, is described in this act as a case where the right to an injunction depends upon the nature of the action. § 604. When the right thereto depends upon extrinsic facts. (Amended by ch. 416 of 1877.) In either of the following cases an injunction order may also be granted in an action: 1. Where it appears, by affidavit, that the defendant, during the pendency of the action, is doing, or procuring, or suffering to be done, or threatens, or is about to do, or to procure, or suffer to be done, an act, in violation of the plaintiff's rights, respecting the subject of the action, and tending to

render the judgment ineffectual, an injunction order may be granted to restrain him therefrom.

"2. Where it appears, by affidavit, that the defendant, during the pendency of the action, threatens, or is about to remove, or to dispose of his property, with intent to defraud the plaintiff, an injunction order may be granted, to restrain the removal or disposition." In the present case the defendant being a voluntary association, the action for reinstatement was properly brought in equity, though as to a corporation the remedy would be by mandamus. But reinstatement in the association was the final relief sought. So far as the complaint sought to restrain the enforcement of his suspension against the plaintiff, the case falls within section 603, and the court had power to restrain by temporary injunction the same acts which, were the plaintiff successful, would be restrained by a final judgment, but that in no way includes reinstatement, which so far from being restrained would be enforced by the final judgment. No authority for the order of reinstatement is to be found in the first subdivision of section 604, because that is confined to the commission of acts which tend to render the judgment ineffectual. The second subdivision is not relevant to the subject before us. While, however, the language of the Code in terms authorizes an injunction only against the commission of acts, still it is doubtless within the power of a court of equity in proper cases to issue mandatory injunctions, and the provisions of the Code should not be so strictly construed as to deny that power in any case. But while such power may exist it is by no means unlimited, and when it exceeds the limit it is not a mere error, but void as without jurisdiction. It has been well said by Judge COOLEY: "The court of chancery has no more power than any other to condemn a man unheard, and to dispossess him of property *prima facie* his, and hand over its enjoyment to another on an *ex parte* claim to it." (*Arnold* v. *Bright,* 41 Mich. 207.) So in an action for the specific performance of a contract for the sale of real estate the court doubtless may restrain the defendant pending

the action from conveying, incumbering or in any way disposing of the subject of the suit, but an *ex parte* order that the defendant forthwith convey the premises to the plaintiff, even though phrased in the form of an injunction restraining him from refusing to forthwith make the conveyance, in my opinion would be not merely erroneous, but absolutely void. On the other hand, in the case of a threatened violation of a contract continuous in its character, such as a contract to furnish water or light during a term, the defendant might be restrained from failing to supply water or light during the pendency of the litigation. The essential difference between the two classes of cases and the nature and function of an interlocutory injunction are well stated by Judge Taft of the United States Circuit Court in *Toledo, etc., R. Co.* v. *Pennsylvania Company* (54 Fed. Rep. 730): "The office of a preliminary injunction is to preserve the *status quo* until, upon final hearing, the court may grant full relief. Generally this can be accomplished by an injunction prohibitory in form, but it sometimes happens that the *status quo* is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon complainant, which he appeals to a court of equity to protect him from. In such a case courts of equity issue mandatory writs before the case is heard on its merits." To that doctrine I express my full assent. Therefore, where the complainant presents a case showing or tending to show that affirmative action by the defendant, of a temporary character, is necessary to preserve the status of the parties, then a mandatory injunction may be granted. But if there be neither proof nor allegation to that effect and the act sought to be enforced is not continuous in its character, but solely the one sought to be decreed by final judgment, then the issuing of a preliminary mandatory injunction is without authority. In the present case the strictly injunctive provisions of the order alleged to be violated were of the broadest and most sweeping character. The defendant was enjoined from denying "to the plain-

tiff any of the benefits of membership in said association * * * from preventing or attempting to prevent members of the association by threat, persuasion, speech, writing or otherwise from working with or for the plaintiff in his profession, from preventing or attempting to prevent the plaintiff from obtaining work in his profession." The injunction to this extent was within the power of the judge to grant, and it operated during its continuance to nullify the suspension of the plaintiff. The defendant, however, has been acquitted of any violation of these provisions of the order, and he has been punished solely for failure " to reinstate the plaintiff as a member in good standing." What the defendant was to do to effect such a result is not stated in the order. On the motion to punish for contempt, the plaintiff produced the by-laws of the association, in which is found the following provision : " Section 1. Any member having resigned, or been erased, or expelled, from this association, can again become an active member only by reinstatement at a regular meeting or a special meeting called for the purpose, and by having a vote of two-thirds of the members present. * * * Any member who may have resigned and wishes to be reinstated can make application to the secretary in writing." It is for failure to take action under these provisions that the defendant has been punished. As already said, this was the very relief that the plaintiff sought to obtain by a final judgment. Had the defendant complied with the order of the judge, the plaintiff might have discontinued the action, or let it go against him by default, for he would have obtained all he sought except damages. True, the plaintiff might have been subsequently tried and expelled from the association, but in that respect his case would in nowise differ from that of any other member of the association. Being a member in good standing, charges again would have to be preferred against him and he would be again entitled to a trial. Counsel for the appellant urges that the order directed only a temporary reinstatement pending trial or hearing. It is a sufficient answer to this to say that such

30

are not the terms of the order. It directs reinstatement unqualified. Nor is there any provision in the by-laws for a reinstatement of a temporary character, or any procedure with reference to it prescribed. So far as what is termed a temporary reinstatement is involved, that was effected by the order of the court which enjoined the defendant from denying the plaintiff any of the benefits of membership. As long as the defendant complied with this provision the plaintiff was substantially reinstated.

It is suggested by counsel, based on a statement in the affidavit of the defendant in answer to the proceedings to punish him for contempt, that members of the union would not work with the plaintiff unless he was actually reinstated, even though the association should recognize his rights and obey the injunction of the court. There is no suggestion, however, of this character to be found in the complaint on which exclusively the injunction was granted. If there had been presented any proof, or even if there were an allegation in the complaint that a mere restraining order, however fully obeyed, would be practically inoperative to maintain the status of the plaintiff unless accompanied by a temporary reinstatement in the association and the court or judge had ordered a temporary reinstatement pending the hearing or trial, a different question would be presented. There is no such question, however, in the present case. Indeed, if the defendant or the association which he represented had assumed to make some qualified or limited reinstatement of the plaintiff his liability to punishment for contempt would have been the same as at present for he would have failed to comply with the mandate of the court. True, had he done so the court might have looked on his offense more leniently. That, however, would have been merely a matter of favor. There is presented to us in this case not the question of favor but of legal right.

If the court had no authority to grant the order which the defendant is charged with violating, that he cannot be punished as for a civil contempt is settled by authority, what-

ever may be the rule in the case of a criminal contempt. (*People ex rel. Morris* v. *Randall, supra; Gardner* v. *Gardner, supra; People ex rel. Cauffman* v. *Van Buren, supra.*) In *Matter of Sawyer* (124 U. S. 200) the Supreme Court of the United States held that an injunction granted by the Circuit Court of the United States to restrain the city authorities from removing a police judge was absolutely void, because a court of equity had no authority to restrain the removal of a public officer, and discharged the defendants on habeas corpus. The foregoing views render it unnecessary to consider the second question certified to this court.

The orders of the Appellate Division and of the Special Term should be reversed and the motion to punish for contempt denied, with costs in this court and ten dollars costs of motion. The first question certified should be answered in the affirmative. The second need not be answered.

O'Brien, Haight, Vann, Werner and Willard Bartlett, JJ., concur; Hiscock, J., not sitting.

Orders reversed, etc.