(134 App. Div. 502.)

### BARZILAY et al. v. LOEWENTHAL.

(Supreme Court, Appellate Division, First Department.   November 19, 1909.)

1. **ASSOCIATIONS (§ 20\*)—AGREEMENTS UNDER SEAL—ACTION ON—PARTIES NOT NAMED IN INSTRUMENT.**

Where an agreement between two unincorporated associations is under seal, members of one of the associations cannot maintain an action against the other association upon the agreement; they not being named as parties to the instrument.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. § 20.\*]

2. **INJUNCTION (§ 132\*)—PENDENTE LITE—GRANTING RELIEF DEMANDED IN COMPLAINT—EFFECT.**

Where an order granting an injunction pendente lite enjoined the defendant, not during the pendency of the action but "during the pendency of the agreement," thereby granting the relief demanded in the complaint, which could only be determined upon the trial of the action, the order cannot stand.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 302; Dec. Dig. § 132.\*]

Appeal from Special Term, New York County.

Action by David J. Barzilay and another against Adolph Loewenthal, as president of the Cloth Examiners' and Spongers' Union of Greater New York. From an order granting an injunction pendente lite, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Leon M. Prince, for appellant.

McLAUGHLIN, J.   The complaint in this action alleges in substance that on the 22d day of November, 1907, the Cloth Spongers' Employers' Association, of which the plaintiffs are members, and the Cloth Examiners' and Spongers' Union of Greater New York, both being unincorporated associations, entered into an agreement, a copy of which is annexed to the complaint, by the terms of which the Union agreed, among other things, to "furnish to members of the 'Association' such competent help as may be required"; that the Union has violated the agreement, and wrongfully refused to furnish to the plaintiffs such competent help as they required; that it is impossible for them to secure such competent help, except through the Union, and their business has been irreparably damaged.   The judgment asked is that the Union, its officers and members, be required to supply to the plaintiffs such competent help as may be required, and enjoined from further violating the terms of the agreement.   The plaintiffs secured an order to show cause why an injunction pendente lite should not be granted; the only reason for requesting such an order, stated in the moving affidavit, being "because plaintiffs desire a temporary injunction as aforesaid, having given the undertaking required by law."   Upon the return of the order, the order appealed from was made, which is:

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"That the defendant supply these plaintiffs with such employés, who are members of its Union, who are not employed at the present time, * * * during the pendency of the agreement between the defendant and the Cloth Spongers' Employers' Association, bearing date November 22, 1907."

There are many objections to this order. It is by no means certain that the complaint states a cause of action; for, besides technical defects, it is doubtful whether any one but the Association could enforce the terms of the agreement, or whether it could be enforced by injunction at all. The agreement is recited to be under seal, and, if that is so, the plaintiffs certainly could not bring any action thereon. Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550. In any event, however, the order could not stand, because it enjoins the defendant, not during the pendency of the action, but during the pendency of the agreement, which was to last until December 31, 1910. It thus grants the very relief demanded in the complaint, the right to which can be determined only upon the trial of the action. Oppenheim v. Thanasoulis, 123 App. Div. 494, 108 N. Y. Supp. 505.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion denied, with $10· costs. All concur.