REYNOLDS v. WEBBER et al.

(Supreme Court, Special Term, Kings County. June 30, 1916.)

1. INJUNCTION ☞3—GROUNDS OF RELIEF—ACTION FOR DAMAGES.

Where a motion for injunction is made upon a summons served with moving affidavits which recite that the action is for damages for forcible entry or detainer, under Code Civ. Proc. § 1669, there is no basis for injunctive relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 3; Dec. Dig. ☞3.]

2. INJUNCTION ☞118(4)—GROUNDS OF RELIEF—POSSESSION OF LESSEE.

Injunction will not lie to protect lessee's possession under a lease, unless it is alleged that irreparable injury will result and that he has no adequate remedy at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 236–238; Dec. Dig. ☞118(4).]

3. INJUNCTION ☞38—GROUNDS OF INJUNCTION—PROTECTION OF POSSESSION UNDER LEASE.

Under Code Civ. Proc. §§ 603, 604, where there is no claim that defendants threatened to remove their property in fraud of plaintiff, or that the acts of the defendants sought to be enjoined will render ineffectual any judgment for plaintiff, defendants will not be enjoined from interfering with plaintiff's possession under lease.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. ☞38.]

4. INJUNCTION ☞38—GROUNDS OF INJUNCTION—PROTECTION OF POSSESSION UNDER LEASE.

Where plaintiff was ousted of possession under lease by defendants, who claim a right of possession for violation of terms of lease, injunction will not issue to restore plaintiff to possession pending a trial of action for forcible entry and detainer.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. ☞38.]

5. INJUNCTION ☞152—GROUNDS OF INJUNCTION—PROTECTION OF POSSESSION UNDER LEASE.

The determination of the right to injunctive relief must be based on the facts as they were when the order to show cause was granted, and the fact that plaintiff was restored to possession of leased premises under the order to show cause in no way affects his rights in an injunction for possession.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 337, 343; Dec. Dig. ☞152.]

Application for injunction by John F. Reynolds against William Webber and others. Motion denied, and order to show cause vacated.

Albert A. Wray, of New York City, for the motion.
S. C. Sugarman, of New York City, opposed.

CROPSEY, J.  [1] This is a motion for an injunction restraining the defendants from interfering with plaintiff's possession of the Brighton Beach Hotel, and restoring plaintiff to his possession thereof. The motion is not made upon a complaint. Only a summons is served with the moving affidavits. It is therefore only from the affidavits that the nature of the action can be ascertained. Plaintiff's affidavit sets forth a number of grounds and then states:

"I have caused the summons to be issued herein and an action against all of the defendants for injury to property by reason of the foregoing acts of the defendants, claiming treble damages as provided in section 1669 of the Code of Civil Procedure."

The affidavits do not state that any other cause of action will be set forth in the complaint, or that any other judgment will be asked than one for damages. That action under the section referred to, for forcible entry or detainer, is an action at law. Fults v. Munro, 202 N. Y. 34, 40, 95 N. E. 23, 37 L. R. A. (N. S.) 600, Ann. Cas. 1912D, 870. Hence there is no basis for injunctive relief.

[2] Nor do the allegations in the affidavits, that the plaintiff will suffer irreparable damages and that he has no adequate remedy at law, suffice. Goldman v. Corn, 111 App. Div. 674, 97 N. Y. Supp. 926; Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905; McHenry v. Jewett, 90 N. Y. 58; Heine v. Rohner, 29 App. Div. 239, 51 N. Y. Supp. 427.

[3] The plaintiff is merely seeking to recover damages. Thus he is not entitled to an injunction because of the nature of the action. Section 603, Civil Code. Nor is he entitled to an injunction under section 604, for the acts of the defendants sought to be enjoined would not render ineffectual any judgment plaintiff might obtain; and there is no claim that the defendants threaten to remove their property in fraud of the plaintiff.

[4] Even if plaintiff's action was one seeking equitable relief, the temporary injunction asked for could not be granted. Plaintiff had obtained a lease of the hotel. He had formed a partnership with a man named Ormes, to conduct the business. Plaintiff paid a portion of the rent and contributed that to the partnership. Ormes secured the defendant Webber as a surety, in the sum of $8,000, for the faithful performance of the lease. This bond was exacted by the owner. Ormes' agreement with the defendant Webber, on securing him as surety, provided that the lease obtained by the plaintiff should be assigned to him or his nominee, and that upon default by plaintiff or Ormes in any of the terms of the lease, or upon their default in payment of salary of any of the employés of the hotel when the same became due, or upon default in payment of produce and merchandise to be delivered by the defendant Webber, when that payment became due, both plaintiff and Ormes should immediately give up possession of the hotel to Webber or his nominee, and that neither the plaintiff nor Ormes would thereafter in any way interfere with the possession of Webber or his representative. The plaintiff did assign the lease to Webber's nominee; the latter at the time signing a paper stating that he would return the assignment upon the plaintiff paying the bills owed by the hotel. The lease provided that the hotel should be open

continually from June 15, 1916, to September 4, 1916, that the plaintiff should provide a competent band, and that the hotel should be run as a strictly first-class summer resort.

The papers convincingly show that at the time the order to show cause was granted, on which this matter came on to be heard, the plaintiff was out of possession of the premises and that they were then in possession of the defendants. There is a conflict in the papers as to whether the plaintiff voluntarily abandoned the hotel, or whether he or his representatives were put out of possession by the defendants. The defendants claim that the plaintiff failed to keep the hotel open, did not pay the help or the band, did not pay Webber for supplies furnished, and violated provisions of his lease which justified the owner in declaring it forfeited; and it appears that the owner notified Webber that there had been default by the plaintiff.

While there is some conflict in the papers, it seems to be established that the plaintiff did not pay the help or the band, and did not pay Webber the amount due him. Webber claims that he took possession of the hotel in order to protect himself from liability on the bond, acting under the assignment executed by the plaintiff to his nominee. Under these conditions, no mandatory injunction should be granted pending the trial of the action. The plaintiff, being out of possession, cannot properly be put back in such a summary action, where the defendants are in possession under a claim of right. Black v. Jackson, 177 U. S. 349, 361, 20 Sup. Ct. 648, 44 L. Ed. 801; Troy, etc., R. R. Co. v. Boston, etc., R. R. Co., 86 N. Y. 107, 122; Bachman v. Harrington, 184 N. Y. 458, 77 N. E. 657; Oppenheim v. Thanasoulis, 123 App. Div. 494, 108 N. Y. Supp. 505.

[5] The fact that the plaintiff has obtained possession, either partial or complete, of the hotel under the mandatory provisions of the order to show cause, in no way affects the determination of this motion. This decision must be based upon the situation as it existed when the order to show cause was granted. At that time the plaintiff was out of possession. If he has acquired possession under the provisions of the order to show cause, which was granted ex parte, that of course can give him no right, so far at least as the decision of this motion is concerned, that he did not have before the order was obtained.

It follows that the motion must be denied, and the injunction obtained in the order to show cause vacated.