ARTHUR BLANK and JOSEPH F. BLOOM, Plaintiffs, *v.* LA MONTAGNE, CHAPMAN COMPANY, INC., Defendant.

Supreme Court, New York Special Term, May 17, 1924.

Landlord and tenant — action by subtenant against tenant for specific performance of clause in lease for peaceable possession — tenant has not paid rent and landlord threatens dispossess proceedings — plaintiff has adequate remedy at law — specific performance would be futile as landlord is not party — complaint dismissed.

In an action by a subtenant against a tenant for specific performance of a clause in the lease for plaintiff's quiet and peaceable possession of the premises upon the ground that the tenant has failed to pay the rent and that the landlord threatens dispossess proceedings, the complaint should be dismissed for the plaintiff has an adequate remedy at law for breach of contract, and, moreover, specific performance would be futile since the landlord is not a party to the action.

The defendant's admitted insolvency does not make plaintiff's remedy at law inadequate.

MOTION by plaintiffs for judgment on pleadings pursuant to rule 112 of Rules of Civil Practice.

*Daniel Handler,* for the plaintiffs.

*James C. Higgins,* for the defendant.

LEVY, J.  Motion by plaintiffs for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.  The action is in equity.  The relief sought is unusual and calls upon this court in its sound discretion to exercise its extraordinary equity power and decree specific performance by the defendant of the following clause in a lease: " And the said landlord doth covenant that the said tenant on paying the said yearly rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid," in effect to enjoin the defendant from failing to do those things which might interfere with plaintiffs' quiet and peaceable possession of the premises.  Plaintiffs leased the property in question from the defendant under a written agreement for a period beginning on the 1st day of February, 1922, and terminating on the 1st day of April, 1925, at a yearly rental of $10,000, payable in equal monthly installments on the first day of each and every month in advance.  Plaintiffs are in possession and have paid the rent which became due to defendant.  The defendant is itself a lessee of the premises from one Terrance McKigney under a lease calling for a yearly rental of $15,000.  It appears that the defendant has failed to pay rent to its lessor for the months of August, September, October and November, 1923, and that the landlord is about to commence dispossess proceedings against the defendant for failure to pay such rent.  The result of this threatened procedure, if carried out, would be the dispossession also of the plaintiffs.  They contend that defendant's failure to pay rent constitutes a breach of the covenant in the lease.  Hence this action is brought to compel defendant to specifically perform the aforesaid covenant in the lease which would require a direction by this court that defendant pay rent to its lessor and thus avert dispossession.  The answer admits defendant's failure to pay rent for August, September, October and November, 1923, but alleges that such failure was not willful and in addition sets up three defenses, namely, breach of covenant by plaintiffs in subletting a portion of the premises without defendant's consent; the insolvency of the defendant, and the existence of an adequate remedy at law.  I am satisfied that this is not a case requiring equitable intervention in that the plaintiffs have an adequate remedy at law.  *Peck* v. *Ingersoll,* 7 N. Y. 528; *Mack* v. *Patchin,* 42 id. 167; *Matter of Strassburger,* 132 id. 128.  Specific performance is a matter of favor and not of right.  It is decreed only in the sound discretion of the court.

*Bateman* v. *Straus*, 86 App. Div. 540; *Gilbert & Lewis* v. *Bunnell*, 92 id. 284; *Stokes* v. *Stokes*, 155 N. Y. 581; *Gotthelf* v. *Stranahan* 138 id. 345. In the absence of a clear showing that a plaintiff has no relief in an action at law, specific performance will not be decreed. *Brass* v. *Rathbone*, 153 N. Y. 435; *Koenig* v. *Eagle Waist Co., Inc.*, 176 App. Div. 724, 725. It becomes apparent that plaintiffs are seeking equitable relief from an ordinary breach of contract for which there is ample remedy at law. There is no authority in the law warranting the court assuming jurisdiction of an action of this nature and the facts are not such as to justify this court setting a precedent which would be dangerous and difficult of enforcement. Obviously, the desire for quick relief which in this case the court could not grant effectively, is the only reason that can be assigned for the pursuit of the action in equity. For such a purpose, equity will not lend its aid. The complaint discloses no other ground for the exercise of the protective arm of a court of equity. Plaintiffs advance the fallacious argument that defendant's admitted insolvency determines that they have no adequate remedy at law. This apparently is incorrect. The ability to bring an action and recover judgment determines the adequacy of legal remedy, irrespective of the ability to collect on that judgment. Courts of equity would be clogged with cases if parties were permitted to seek redress there solely because plaintiff assumes in advance that there was no chance of realizing on the judgment when recovered. No such rule of law obtains in this jurisdiction. Moreover, it is noticeable that defendant's lessor has not been made a party to this action and thus would not be bound by any determination which this court may make with regard to the parties herein involved. This appears to be the crux of the entire case and the pivotal question upon which the outcome of the issue depends. Even assuming that this court should grant the relief sought by plaintiffs, it is difficult to understand how the defendant's lessor would in any way be bound by such determination. He could still dispossess the defendant for non-payment of rent and with the defendant would go the plaintiffs. The court's decree would, therefore, be nugatory and equity will not make a futile order. The identical point raised by the plaintiffs in this action was before Mr. Justice Burr when a motion was made for a temporary injunction, and the motion was denied on the ground that, if granted, it would be unavailing as the defendant's lessor would not be affected by the court's decree. While the action here is for specific performance, the effect is the same. In both instances the court was asked to compel defendant to pay rent to defendant's lessor. This cannot

be done.   The adequacy of a remedy at law and the utter futility of the court's decree, if granted, impel me to deny plaintiffs' motion for judgment on the pleadings, and for the same reasons the complaint is dismissed.

Ordered accordingly.