EASTERN FARMS PRODUCTS, INC., Plaintiff, *v.* WAMPSVILLE DAIRY-
MEN'S CORPORATION, Defendant.

Supreme Court, Trial and Special Term, Madison County, February 28, 1940.

*Antonio G. Waldo*, for the plaintiff.

*Joe Shapiro*, appearing specially.

*Stanley Bliss*, for the defendant.

DEYO, J.   The defendant is the owner of a milk receiving plant
at Wampsville, Madison county, N. Y.   The plaintiff is a lessee

of said plant but not in possession thereof, whose term commences pursuant to the provisions of a certain written lease on April 1, 1940, and terminates March 31, 1941.

The ultimate question involved is the validity of this lease which the plaintiff seeks to test out by means of an action wherein plaintiff seeks injunctive relief restraining the defendant from leasing the plant to any one else and compelling the defendant to put the plaintiff into possession of the premises on April 1, 1940.

In the pending motion the plaintiff seeks an injunction restraining the defendant *pendente lite* from leasing the plant to any one else and from putting any one else in possession thereof for any part of the term covered by the lease.

It is well settled by repeated decisions in this State that a court of equity has no inherent power to grant injunctions *pendente lite*, but the authority must be found in the Civil Practice Act. (*Bachman* v. *Harrington*, 184 N. Y. 458, 462; *Koenig* v. *Eagle Waist Co., Inc.*, 176 App. Div. 726.)

The complaint is framed in equity as a case where the right to an injunction depends upon the nature of the action pursuant to the provisions of section 877 of the Civil Practice Act. Consequently the primary question is whether or not the complaint sets up facts sufficient to warrant a final judgment of injunction. (*Goldman* v. *Corn*, 111 App. Div. 674.)

The court assumes for the purpose of this motion, and it is in no way a violent assumption, that the lease under which the plaintiff's rights arise is valid and binding on the defendant.

The relief demanded in the complaint is both prohibitory and mandatory in character. So far as the prohibitory features are concerned, the restraining of the defendant from leasing to or putting any one else in possession, it might be argued that the case is one where equity could properly intervene. The fallacy in the argument is that the affidavits show that the damage has already been done, the defendant has already entered into such a lease with a third party, which third party is already in possession. It is at least questionable under such circumstances whether equity should intervene. (*Reubens* v. *Joel*, 13 N. Y. 488, 499.) Furthermore, this second lessee in possession is not a party to this action, and its rights cannot be adjudicated here. To restrain the defendant from doing what is already an accomplished fact would be a nullity. " The court's decree would, therefore, be nugatory and equity will not make a futile order." (*Blank* v. *LaMontagne, Chapman Co., Inc.*, 123 Misc. 238, 240.)

Even greater difficulty is encountered when we consider the mandatory features of the relief sought, the actual putting of the

plaintiff in possession of the premises. In this respect the complaint clearly fails to show grounds for the equitable relief demanded. The plaintiff is not and apparently never has been in possession. It is a well- and long-established principle that equity will not take the possession of real estate from one party to give it to another by mandatory injunction. (*Goldman* v. *Corn, supra; Reynolds* v. *Webber,* 160 N. Y. Supp. 177, 179; *Koenig* v. *Eagle Waist Co., Inc., supra; Wolfe* v. *Schalkenbach,* 229 App. Div. 423; *Rockefeller Purchasing Corp.* v. *Rockefeller Center, Inc.,* 245 id. 629; affd., 270 N. Y. 447; 1 McAdam on Landlord and Tenant [5th ed.], 431.)

There are also cogent reasons why the injunction *pendente lite* should not be granted, even though the plaintiff had brought itself within the scope of section 877 of the Civil Practice Act. On this motion the plaintiff seeks only prohibitory relief, that is, the plaintiff seeks merely to restrain the defendant from leasing to or putting any one else in possession of the plant pending the trial of the issues. As was said by Judge TAFT in *Toledo, A. A. & N. M. R. Co.* v. *Pennsylvania Co.* (54 Fed. 730, 741): " The office of a preliminary injunction is to preserve the *status quo* until, upon final hearing, the court may grant full relief." (To the same effect was 32 A. L. R. 894, § 877; *Meers* v. *Munsch-Protzmann Co., Inc.,* 217 App. Div. 541.) Under the facts of the instant case the plaintiff attempts to go much further than this. It is not a case where a tenant in possession seeks to restrain his landlord from doing some act in derogation of the tenant's rights in order to preserve the *status quo.* Rather, it is a case where a lessee not in possession, and whose right to possession has not yet matured, seeks to alter the present status, not preserve it. In addition, the plaintiff herein, by means of a temporary injunction, seeks to obtain much of the affirmative relief which is the subject of the litigation. A temporary injunction should not be granted where it furnishes the plaintiff with the very relief he seeks in the action. (*Barzilay* v. *Lowenthal,* 134 App. Div. 502.) Furthermore, by the temporary injunction sought, plaintiff seeks to adjudicate the rights of the tenant already in possession who, as has been previously noted, is not a party to the proceeding.

The motion for temporary injunction denied.

Submit order.