HELEN R. KLEINMAN, Appellant, v. HERMAN KLEINMAN, Respondent.—In an action for separation, plaintiff appeals from a resettled order denying her motion for a discontinuance. Order affirmed, without costs. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

■

HELEN R. KLEINMAN, Appellant, v. HERMAN KLEINMAN, Respondent.— On April 8, 1953, plaintiff commenced this action for separation. The answer was a general denial. On October 2, 1953, plaintiff commenced an action for divorce in Florida. On October 10, 1953, defendant moved by order to show cause, which contained a temporary stay, for an order enjoining plaintiff from prosecuting her Florida divorce action. On October 15, 1953, plaintiff moved to vacate the temporary stay contained in the order to show cause of October 10, 1953. On November 5, 1953, plaintiff obtained her Florida divorce decree. On November 10, 1953, Special Term granted defendant's motion for an injunction and denied plaintiff's cross motion to vacate the stay contained in the order to show cause. Plaintiff appeals from so much of an order, entered March 17, 1954, which, on reargument, adhered to the determination of November 10, 1953, granting defendant's motion for a temporary injunction and denying plaintiff's motion to vacate the stay contained in the order to show cause of October 10, 1953. Order, insofar as appealed from, reversed, without

costs, defendant's motion for an injunction denied, and plaintiff's cross motion to vacate the stay contained in the order to show cause of October 10, 1953, granted. There is no inherent authority in the court to grant a temporary injunction. (*Bachman* v. *Harrington*, 184 N. Y. 458.) Section 878 of the Civil Practice Act, under the authority of which this injunction was granted, does not permit the granting of a temporary injunction to a defendant who has not at the time of the application either served, or been given permission to serve, an answer containing a counterclaim. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.