■ ROBJUDI CORPORATION, Appellant, v QUALITY CONTROLLED PRODUCTS, LTD., et al., Respondents. — In an action to recover damages for moneys had and received, unjust enrichment and conspiracy to defraud, for replevin of certain chattels and for an accounting, plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated August 17, 1984, which denied its motion for a preliminary injunction to enjoin defendants from selling, pledging, transferring or otherwise disposing of the subject chattels.

Order reversed, with costs, and plaintiff's motion granted. Plaintiff shall give an undertaking in the amount of $10,000 within 20 days after service upon it of a copy of the order to be entered hereon, with a notice of entry (CPLR 6312 [b]).

Plaintiff purchased a large amount of hardware items and other personalty at a bankruptcy sale on or about January 17, 1984, and turned possession thereof over to defendants. Additionally, plaintiff lent the defendants a certain sum of money between January 17, 1984 and April 30, 1984. In return, plaintiff was to receive a secured promissory note covering the aggregate of the amount spent for the chattels together with the loan, but negotiations between the two parties broke down and plaintiff has, as yet, received nothing. By defendants' own admission, defendant Quality Controlled Products, Ltd., has minimal working capital, and the chattels are its only tangible asset. Plaintiff

brought this action, *inter alia,* for replevin of the chattels, and thereafter made a motion for a preliminary injunction, which was denied by Special Term. By order dated September 20, 1984, this court granted plaintiff's motion to enjoin the defendants from transferring, selling, pledging or otherwise disposing of the subject chattels pending determination of this appeal. We now reverse the order appealed from and grant plaintiff's motion for a preliminary injunction.

Upon review of the record, including the timely filed amended complaint, we disagree with Special Term's conclusion that the chattels in question are not the subject of the action (CPLR 6301).

Furthermore, we hold that plaintiff has met its burden of proving (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of a preliminary injunction; and (3) that a balancing of equities favors its position (*Barone v Frie,* 99 AD2d 129, 132; *Albini v Solork Assoc.,* 37 AD2d 835). The uncontrolled sale and disposition by defendants of the chattels would threaten to render ineffectual any judgment which plaintiff might receive (CPLR 6301). Given the underlying realities of this particular situation (*see, Bashein v Landau,* 96 AD2d 479), we hold that the status quo would best be preserved by granting plaintiff's motion for a preliminary injunction (*Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). Lazer, Thompson and Rubin, JJ., concur.

Titone, J. P., dissents and votes to affirm the order, with the following memorandum: Plaintiff appeals from an order of Special Term which denied its motion for a preliminary injunction. From whatever perspective viewed, that determination is correct and should be affirmed.

Despite plaintiff's characterization on appeal, this is, in essence, an action to recover money lent to the defendant corporation Quality Controlled Products, Ltd. (hereinafter Quality). Apparently, a security interest in the inventory, which was to secure the loan in part, was never perfected. Claiming that Quality is a shell corporation, plaintiff seeks a preliminary injunction to enjoin Quality from selling the chattels in its possession.

It is basic law, however, that injunctive relief may not be ordered to secure recovery in what amounts to a breach of contract action (*see, Halmar Distribs. v Approved Mfg. Corp.,* 49 AD2d 841; *Fair Sky, Inc. v International Cable Ride Corp.,* 23 AD2d 633; 12 Carmody-Wait 2d, NY Prac § 78:37; Siegel, NY Prac § 327, p 397). The reason, of course, is that plaintiff has an adequate remedy at law, a remedy which is not made inadequate because the alleged insolvency of the corporate defendant

may render a subsequent judgment unenforceable (*see, Blank v La Montagne, Chapman Co.*, 123 Misc 238; Note, The Effect of Insolvency on Equitable Relief, 13 St John's L Rev 44). It is the ability to bring an action at law and recover judgment that determines the adequacy of the legal remedy, not the ability to collect on the judgment (*Marlin Fire Arms Co. v Shields*, 171 NY 384).

Indeed, if the law were otherwise, there would be no incentive to follow the procedures for perfecting a security interest under the Uniform Commercial Code article 9. An unsecured creditor could simply obtain an injunction at a later date.

That plaintiff has sought to characterize the action as sounding in replevin is also of no moment. Quite aside from the fact that plaintiff has not sought seizure under CPLR article 71 (*see*, 12 Carmody-Wait 2d, NY Prac §§ 82:70-82:90), it should be self-evident that the chattels involved, general inventory purchased at a bankruptcy sale, are not unique (*see, Morse v Penzimer,* 58 Misc 2d 156). It is only where the chattel is "unique * * * [that] the court may grant a preliminary injunction or temporary restraining order that the chattel shall not be removed from the state, transferred, sold, pledged, assigned or otherwise disposed of until the further order of the court" (CPLR 7109 [a]; *see,* Siegel, NY Prac § 327, p 397, n 7).

Plaintiff's fears that any monetary judgment will be uncollectable are not groundless. But its remedy is not a preliminary injunction. As Professor Seigel notes, "In a money action, P often fears that D will secrete his property during the action's pendency and thus make a money judgment uncollectable. P's remedy there, if P can establish such conduct by D convincingly, is an order of attachment * * * and not an injunction" (Seigel, NY Prac § 327, p 397, n 7; *see, First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926).

For these reasons, I would affirm.